KEGANS et al. v. WILLIAMS et al.

No. 2691.

Court of Civil Appeals of Texas. Eastland.

Oct. 29, 1948.

Rehearing Denied Nov. 19, 1948.

T. M. Reid and T. A. Bledsoe, both of Abilene, for appellants.

W. Marcus Weatherred, of Coleman, for appellees.

GRAY, Justice.

We copy from appellees' brief the following statement of the nature and results of the case:

"This was a suit by appellants, plaintiffs, in trespass to try title against appellees, defendants, for an undivided one-half interest in the southwest one-fourth of Section No. 18, Block No. Two, T. & N. O. RR. Co. lands in Coleman County, Texas, and for accounting of rents and royalties, plaintiffs alleging that their father, John H. Kegans, after his second marriage used community funds of his first marriage in the purchase of said lands out of which an alleged equitable trust arose. Defendants answered by plea of not guilty, claiming title by regular chain, and also under the five, ten and twenty-five year statutes of limitation. Judgment was rendered in favor of defendants."

In the first count of their amended petition, plaintiffs pleaded an equitable one-half interest in said land, together with a one-half interest in the prior rents and royalties. The second count was the statutory action in trespass to try title, which latter count seems, from their brief, to have been abandoned on the trial. The points of error are: (a) The error of the trial court in refusing appellants' application for a jury. (b) The error of the trial court in overruling appellants' motion for continuance. (c) The trial court erred in rendering judgment for appellees on the finding of fact that the defendants, appellees, had a good record title to said land from the sovereignty of the soil to them. (d) The trial court erred in rendering judgment for defendants on the finding that defendants had good title to said land under the five, ten and twenty-five year statutes of limitation, Vernon's Ann. Civ.St. arts. 5509, 5510, 5519, and against

plaintiffs' cause of action. Said points will be considered in numerical order.

■■ 1. The suit was filed on January 22, 1948, and was set for trial on the nonjury docket for February 16, 1948. On motion of plaintiffs, a continuance was granted to March 31, 1948. No jury fee was paid into court until 30 or 40 minutes before the case was called for trial on said latter date. The court heard evidence on the application for a jury, which disclosed that the suit was filed by an attorney in Texarkana, who was not present and participating in the trial. Said attorney had remitted $10.00 to the District Clerk of Coleman County as a deposit for preliminary costs, but not including a jury fee. The District Clerk testified that no jury was available for the day set for the trial, and that several days would be required to secure a jury. It was also made known to the court that defendants' witnesses were present; that some of them lived quite a distance from Coleman, and this was their second appearance for a trial. Further, that plaintiffs had been notified of the setting of the case for March 31, 1948, and that defendants would insist on a trial on said date.

Rule 216, Texas Rules of Civil Procedure, provides:

"No jury trial shall be had in any civil suit, unless application be made therefor in open court and unless a fee of five dollars * * * be deposited by the applicant with the clerk to the use of the county on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the nonjury docket, but not less than ten days in advance * * *." See Morris v. Biggs & Co., Tex.Civ.App., 165 S.W.2d 915, error dismissed; Lebman v. Sullivan, Tex. Civ.App., 198 S.W.2d 280; Erback v. Donald, Tex.Civ.App., 170 S.W.2d 289, error refused.

No injury to appellants was shown since under the evidence adduced on the trial, the court would have been justified in instructing a verdict for appellees. Appellants' point One is overruled.

■ 2. Appellants' second point is directed at the refusal of the trial court to grant a second continuance. As stated above, the suit was filed by a Texarkana attorney. The evidence in support of the motion disclosed that plaintiff John Kegans lived in said city and represented all the other plaintiffs, most of whom were residents of other states, by power of attorney; that said attorney filing the suit was appointed by the District Court at Texarkana to represent some defendants charged with criminal offenses and that the court there convened at about the time this case was set for trial at Coleman. He, therefore, notified said John Kegans who had employed him, that he could not be present at the trial of this case, and that he should employ another attorney. This was about March 18th or 22nd. The latter part of the following week, Mr. Kegans came to Abilene and employed the attorneys who represented him in the trial. Appellants contend that their attorneys did not have sufficient time within which to familiarize themselves with the case and prepare for trial. Among the cases relied upon is Modern Woodmen of America v. Floyd, Tex. Civ.App., 218 S.W. 1085, in which a reversal was had because of the denial of a motion for continuance. In said case, the attorney, who lived at Waco, had attended court three times in Garza County where the suit was pending. At one term the case was continued because of illness in said attorney's family. Twice the trial resulted in a hung jury. The term of the court in Garza County at which the case was tried convened on May 26, 1919, and trial was had the following day without the presence of said attorney, due to the fact that he represented the defendants in two murder cases in McLennan County set for trial about the same date. After failure to secure a continuance of said murder cases, said attorney so notified the District Judge of Garza County of the situation and requested a postponement until June 5th. He also notified the opposing attorneys. In the letter to the judge, he enclosed letters from the District Judge and District Attorney of McLennan County, setting out the reasons why a postponement of the criminal cases could not be had and in which it was stated that said attorney, Honorable Pat M. Neff, had made efforts to

have said criminal cases postponed in order that he might attend court in Garza County. The facts in said case are so different as not to be controlling here. Other cases cited by appellant are also different on the facts. The application for continuance failed in several essential respects to comply with Rule 252. Said application did not show the materiality of the testimony for which continuance was sought; that such testimony could not be obtained from any other source, nor that continuance was not sought for delay only, but that justice might be done. See Roosth & Genecov Production Co., et al., v. Shell Oil Co., Tex.Civ.App., 175 S.W.2d 653; Jinks v. Jinks, Tex.Civ.App., 205 S.W.2d 816. Also Rule 253. Appellants' second point is overruled.

Points 3 and 4 are not briefed and are, therefore, waived and not considered. Rules 418 and 421. Brown County Water Improvement Dist. No. 1 v. McIntosh, Tex. Civ.App., 164 S.W.2d 722; DeBusk v. Guffee et al., Tex.Civ.App., 171 S.W.2d 194; San Antonio Joint Stock Land Bank v. Malcher, Tex.Civ.App., 164 S.W.2d 197, error refused; Broussard v. L. Cartwright Realty Co., Tex.Civ.App., 179 S.W.2d 777; Rayburn v. Giles, Tex.Civ.App., 182 S.W. 2d 9, error refused; Ferguson et al., v. Gleason et ux., Tex.Civ.App., 197 S.W.2d 863.

The judgment of the trial court is affirmed.