**TRINITY CONSTRUCTION COMPANY, Inc.; and Fenton Charles Carter, Appellants,**

v.

**J. W. FRANKLIN, Appellee.**

No. 6260.

Court of Civil Appeals of Texas.

Beaumont.

April 23, 1959.

 

Vinson, Elkins, Weems & Searls, Houston, for appellants.

A. A. Turner, Cam Harrell, Conroe, for appellee.

ANDERSON, Chief Justice.

This is a damage suit which grew out of a collision between a log truck and a pick-up truck. The collision occurred on a Farm-to-Market road in Montgomery County, about 7:30 a. m. of January 14, 1958. Appellee Franklin owned and was operating the log truck. The pick-up, which was owned by Trinity Construction Company, Inc., was being operated by appellant Carter. The latter was in the employ of the company at the time and was acting in the course and within the scope of his employment. Both vehicles were proceeding in the same direction until just before the collision, with the log truck in the rear. The collision occurred when appellant Carter turned to his left across the path of the log truck as the latter was about to pass. Intending to reverse his course, Carter turned left toward a driveway, preparatory to backing up and turning around. He claims to have been already in the driveway and completely off the highway at the moment of impact. That the pick-up had in fact cleared the surfaced portion of the highway before being struck is not disputed, but there is evidence tending to show that it was still on the shoulder of the highway at the moment of impact. The front end of the log truck struck the left side of the pick-up, near the pick-up's rear end. The impact turned the pick-up over one and a half times. The vehicles came to rest about thirty-five feet from the edge of the highway, with the pick-up upside down.

Appellee Franklin initiated the suit. He sued both Trinity Construction Company, Inc., and Carter. The defendants answered and also cross-acted. Trial to the court, without a jury, resulted in a judgment that the plaintiff recover of the defend-

ants, jointly and severally, the sum of $36,750, together with costs, and that the defendants take nothing by their cross-action. Their amended motion for a new trial having been first overruled, the defendants appealed.

Findings of fact and conclusions of law were filed in the trial court at the instance of the defendants. The defendant Carter—and through him his employer—was found to have been negligent: a) In failing to keep a proper lookout just prior to and at the time of the collision; b) in failing to maintain such a lookout for the plaintiff's vehicle just prior to and at the time of the collision as would have been maintained by an ordinary prudent person in the same or similar circumstances; c) in making a left turn just prior to the collision when the left side or left one-half of the roadway was not clear and unobstructed; d) in turning left into the left lane of traffic when his vehicle was being overtaken by the plaintiff's vehicle; e) in failing to give any signal or warning of a left turn for a sufficient distance prior thereto to enable the plaintiff to avoid the collision; f) in failing to signal continuously while traveling at least the last one hundred feet before he turned that he intended to turn to his left.

The findings are attacked—and were attacked in the defendants' amended motion for a new trial—as being without sufficient support in the evidence and as being so against the overwhelming weight and preponderance of the evidence as to be clearly wrong. With such qualifications as we shall make, we hold them to have been warranted.

■ An abundance of evidence supports the finding that defendant Carter failed to keep a proper lookout. The log truck, according to undisputed evidence, was in such a position and in such proximity to the pick-up just before the latter turned that Carter could hardly have missed seeing it if he had looked, yet he claimed not to

have seen it prior to the collision. The trial court was therefore justified in concluding that Carter did not look rearward at all before turning. However, it is not necessary to rest our decision upon that theory alone, for Carter did not himself claim to have done more than glance in his rear-view mirror before turning. It may well have been concluded that he should have looked rearward over his shoulder.

More because the finding is of questionable pertinency than otherwise, there is perhaps room to doubt that the evidence supports the finding that Carter was negligent in turning when the traffic lane into which he turned was not clear and unobstructed. But it is not necessary to decide the question, and we forego doing so.

■ The finding to the effect that Carter was negligent in turning into the path of the approaching truck is amply supported. There is evidence, for example, to the effect that the truck was traveling at a speed of from 35 to 40 miles per hour and was within twelve to fifteen feet of the pick-up when the latter began turning. Appellants have endeavored by a comparison of relative speeds of the vehicles and by circumstances to demonstrate that the truck was considerably farther behind than that, and it may well be that it was not in fact that close, but a conclusion that it was yet too close for a person of ordinary prudence to risk trying to cross in front of it was nonetheless justified.

■ Defendant Carter admitted that he gave no hand or arm signal of his intention to turn, but claimed to have turned on a blinker light about 150 feet before he turned. Two of plaintiff's own witnesses testified that the blinker light did in fact light up, but that this occurred only momentarily before the pick-up turned. The plaintiff himself disclaimed having seen a signal of any kind. Such being the evidence, we clearly would not be justified in disturbing the findings relative to Carter's failure to signal.

Appellants have particularly stressed some of the circumstances surrounding the accident: the fact that the collision occurred upon a section of the highway that Trinity Construction Company, Inc., had contracted to repair or reconstruct and that was studded with the kind of warning signs that are usually to be seen where construction work is in progress; the fact that it happened in a zone in which the speed limit was forty miles per hour; the fact that the plaintiff had already passed over portions of the highway upon which work was actually in progress and had passed by quite a number of the warning signs; and the fact that, prior to turning the pick-up, the defendant Carter, a foreman, had been driving slowly along the highway, pointing out to a subordinate work he wanted the latter to do, it being appellants' contention that in the circumstances the plaintiff should have anticipated that Carter might turn at any time. The circumstances are pertinent, of course, but they do not require that the fact findings be disturbed. They are but facts to be considered in passing upon the relative rights and duties of the drivers of the vehicles and upon the degree of care each of the drivers was obliged to exercise. And their force, even in those respects, is somewhat diminished by the fact that no construction work was actually in progress in the immediate vicinity of where the collision occurred.

Appellants next contend that the evidence conclusively established that appellee was negligent in a number of respects and that his negligence in each respect was a proximate cause of the collision. In the alternative, they claim that findings of negligence and proximate cause relative to appellee's alleged conduct were clearly required by the overwhelming weight and preponderance of the evidence. The contentions are overruled. Aside from the fact that the collision occurred, the only evidence tending to show that appellee was not keeping a proper lookout as he approached the pick-up was his own representation that he did not see the pick-up's blinker light functioning. Neither circumstance is of compelling force, or even of great force, in the face of the evidence touching the proximity of the two vehicles when the blinker light began functioning and the pick-up began turning. A finding of negligence as regards the rate of speed at which appellee was driving was neither required nor strongly indicated by the evidence. The weight of the evidence is to the effect that appellee was driving at from thirty-five to forty miles per hour, upon a straight and level stretch of road, and under favorable weather conditions. A third motor vehicle was immediately to the right and rear of the log truck when the pick-up began turning, and so we think it clear that the evidence did not require a finding that appellee was negligent in failing to turn to his right and into that vehicle's path. It must be admitted that appellants made a rather strong showing to the effect that the log truck was not equipped with functional or with effective brakes, but the evidence was conflicting on the point and we are not disposed to say that it required a finding that the brakes were in fact defective. Nor are we disposed to say that the evidence required a finding that appellee failed to apply his truck's brakes before the moment of impact, even though there was evidence from appellee's own witnesses to the effect that the speed of the truck was not apparently reduced before the collision occurred. Appellee testified that he did apply the brakes, and the circumstances do not necessarily refute either that claim or appellee's claim that the brakes were in good condition. There was justification for concluding that between the time at which the occasion for applying the brakes first arose and the moment of impact there was insufficient time for an attempted application of the brakes to become effective. Aside from the fact that the collision occurred, the only evidence tending to show that appellee did not have his truck

under proper control was that appertaining to the truck's speed and to the condition of the truck's brakes. It has been dealt with. And the foregoing exhausts the respects in which appellants claim appellee was negligent.

■■ The only other complaint appellants make is that they were not accorded a jury trial. The matter does not present error. By unqualifiedly announcing ready for trial, knowing that a jury was not available and that trial would be before the court alone, appellants waived a jury trial. Hernandez v. Light Pub. Co., Tex.Civ.App., 245 S.W.2d 553, error refused. But if waiver is disregarded, error still, is not reflected. Appellants did not comply with Rule 216, Texas Rules of Civil Procedure by demanding a jury and paying the fee not less than ten days before the date set for trial of the case, and so the matter of whether they should be put to trial without a jury addressed itself to the sound discretion of the trial court. No abuse of that discretion has been shown. The case was originally set on the non-jury docket to be tried on May 12, 1958, a Monday. During the week immediately preceding that date a postponement until Thursday, May 15, was granted as an accommodation to counsel for appellants. Counsel for appellee agreed to forego insisting upon the Monday setting only upon condition that the case would be subject to call later in the same week. On Friday, May 9, which we infer was after the postponement had been arranged, appellants or their counsel paid a jury fee in the case, but this was not made known to the court or to appellee or his counsel until the case was called for trial on Thursday, at which time no jury panel was in attendance upon the court. At that time, and before announcing, counsel for appellants informed the court that a jury fee had been paid in the case but he did not demand that a jury be brought in, nor did he seek a further postponement. Instead, as already stated, he announced ready for trial, registering no objection to proceeding without a jury. Complaint at being put to trial without a jury was registered by appellants for the first time in their motion for a new trial. And even then no evidence was offered for the purpose of endeavoring to show that the trial court had abused its discretion in proceeding to a trial of the case.

No reversible error appearing, the judgment of the trial court is affirmed.