FIRST BANKERS INSURANCE COM-
PANY, Appellant,

v.

Mary Alma LOCKWOOD et vir, Appellees.

No. 7733.

Court of Civil Appeals of Texas.

Amarillo.

June 26, 1967.

Stigall & Maxfield, Dallas, John F. Maxfield, Dallas, of counsel, for appellant.

Kirby & Ratliff, Littlefield, Louis M. Ratliff, Jr., Littlefield, of counsel, for appellees.

DENTON, Chief Justice.

Suit was filed by appellees, Mary Alma Lockwood and husband against First Bankers Insurance Company to recover hospital and medical benefits under an insurance policy. The trial court, without a jury, rendered judgment for the appellees for such benefits, statutory penalty and attorneys' fees.

Appellant's sole point of error is the alleged error of the trial court in rendering

a judgment against it without a benefit of a jury since appellant made a seasonable and timely demand for a jury. Appellee brought this suit for benefits under the insurance contract on July 15, 1966. Appellant filed its original answer on August 8, 1966 and took the oral deposition of appellees' treating doctor on August 27 following. Shortly after September 1, the case was set on the non-jury docket for Tuesday, October 4. When and by what means this setting was made cannot be determined from the record. On Friday, September 23, appellant's attorney mailed from Dallas a demand for a jury and enclosed a $5.00 jury fee addressed to the Clerk of the Court. He simultaneously mailed an amended answer in this cause. The answer was filed on Saturday, September 24, while the clerk's record shows the payment of the jury fee was not noted on the docket until Monday, September 26. A copy of the September 23 letter was mailed to appellees' attorney. On September 24, appellees' attorney acknowledged receipt of this letter, and stated the jury demand was being contested on the ground "the jury fee was not paid within a reasonable time before the date set for trial of the case on the non-jury docket." This letter further advised appellant's counsel the trial court had set a hearing "on the matter of the payment of the jury fee for Tuesday, October 4, 1966, at 9:30 a.m.". For reasons not apparent from the record, both the hearing on the jury demand and the hearing on the merits were held on October 7.

■ Although Article 1, Section 15 of the Constitution of Texas, Vernon's Ann. St., provides: "The right of trial by jury shall remain inviolate"; such a right is not absolute in civil cases. It is subject to the compliance with certain procedural rules set out in Rule 216, Texas Rules of Civil Procedure. This rule permits a jury trial if application therefor is made in the proper court and the specified fee "be deposited by the applicant with the clerk to the use of the county on or before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance. The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet."

■ In the instant case the jury fee was "deposited" with the clerk on September 24. It was received on that date along with appellant's amended answer. The clerk promptly filed the latter instrument. Appellees' attorney had knowledge of such demand and deposit on the same day, and unquestionably the trial court was so informed, else he could not have, on that date, set a hearing for October 4, relative to appellees' contest of appellant's jury demand. Obviously, the clerk did not promptly "enter a notation of the payment of such fee" in accordance with Rule 216. September 24, being ten days prior to the date the case was set, was not "less than ten days in advance" of the date the case was set for trial on the non-jury docket. We therefore conclude the jury demand was timely made.

■ In spite of the mandatory wording of Rule 216, courts have, because of the importance of the right of trial by jury under our State Constitution, consistently construed the rule to be discretionary. Aronoff v. Texas Turnpike Authority (Tex.Civ.App.) 299 S.W.2d 342. Lebman v. Sullivan (Tex.Civ.App.) 198 S.W.2d 280, (Ref. N.R.E.). Allen v. Plummer 71 Tex. 546, 9 S.W. 672. A jury demand made "not less than ten days in advance" of the date the case is set for trial is presumed to have been made within a reasonable time. Jerrell v. Jerrell (Tex.Civ.App.) 409 S. W.2d 885. This record contains no evidence of when a jury was available; nor was there a showing a jury trial would operate to injure the adverse party; nor that a jury trial would disrupt or materially interfere with the court's docket.

■ Having timely demanded a jury and deposited the correct jury fee with the proper officer, appellant's right to a trial by jury became fixed. Barker v. Kidd

(Tex.Civ.App.) 357 S.W.2d 490. The trial court's disregard of appellant's jury demand requires a reversal of the judgment and remand of the cause. Meyer v. Henery (Tex.Civ.App.) 400 S.W.2d 933. Jerrell v. Jerrell (supra).

The judgment of the trial court is reversed and the cause is remanded.