Clyde Ray COLEMAN, Individually and D/B/A Christerson Sand & Gravel, Appellant,

v.

James G. SADLER D/B/A Town & Country Insurance Agency, Appellee.

No. 9211.

Court of Civil Appeals of Texas, Amarillo.

Nov. 14, 1980.

Lovell, Lyle, Renfer, Moore & Duvall, Thomas C. Moore, Dumas, for appellant.

Metcalf & Minkley, Michael P. Metcalf, Dumas, for appellee.

DODSON, Justice.

Clyde Ray Coleman d/b/a Christerson Sand & Gravel appeals from a judgment rendered by the trial court in favor of James G. Sadler d/b/a Town and Country Insurance Agency, the appellee. Concluding that the trial court abused its discretion by refusing Coleman's demand for a jury trial, we reverse and remand.

On 12 March 1979, Sadler brought this action against Coleman to recover alleged amounts due on an insurance binder. Sadler alleged that, at Coleman's request, his insurance agency issued an insurance binder on certain vehicles and that Coleman failed and refused to pay for the binder premium. On 19 October 1979, Coleman filed his first amended answer and original counterclaim.

The case was set for trial on the non–jury docket for 9 November 1979. At Sadler's request, the setting was vacated and reset for 3 December 1979. On 19 November 1979, 13 days before the non–jury trial setting, Coleman requested a jury trial and paid the prescribed fee. After a hearing on 3 December 1979, the trial court denied Coleman's jury request and re–set the case on the non–jury docket for 14 December 1979. After a bench trial on that date, the trial court rendered judgment for Sadler.

On appeal, Coleman brings three points of error. In his first point, Coleman maintains the judgment should be reversed and

remanded for a trial with a jury because the trial court abused its discretion by refusing his request for a jury trial. We agree.

██ Although article 1, section 15 of the Texas Constitution provides that "[t]he right of trial by jury shall remain inviolate," this right is not absolute in civil cases. In civil cases, this right is subject to compliance with Rule 216 of the Texas Rules of Civil Procedure. In pertinent part, Rule 216 provides:

No jury trial shall be had in any civil suit, unless application be made therefor and unless a fee of five dollars if in the district court, and three dollars if in the county court, be deposited by the applicant with the clerk to the use of the county *on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non–jury docket, but not less than ten days in advance* (emphasis added).

██ When a jury demand is made more than ten days in advance of the date set for trial, such demand is presumed to be made within a reasonable time. *First Bankers Insurance Company v. Lockwood*, 417 S.W.2d 738, 739 (Tex.Civ.App.–Amarillo 1967, no writ); *Jerrell v. Jerrell*, 409 S.W.2d 885, 886 (Tex.Civ.App.–San Antonio 1966, no writ). By refusing such demand, the trial court abuses its discretion unless the record reflects that: (1) granting the jury trial will operate to injure the adverse party; or (2) granting the jury trial will disrupt the court's docket or seriously interfere with and impede the ordinary handling of the court's business. *Aronoff v. Texas Turnpike Authority*, 299 S.W.2d 342, 344 (Tex.Civ.App.–Dallas 1957, no writ).

██ In this instance, the jury demand was made and the prescribed fee was paid 13 days before the non–jury setting of 3 December 1979. On 3 December 1979, the trial court had a hearing on Coleman's demand for a jury trial. Overruling the jury demand, the court announced that the granting of a jury trial would "materially

affect the orderly disposition of the case." However, the record shows that the case had been on the docket since 12 March 1979; that the first trial date of 9 November 1979 was continued to 3 December 1979 at Sadler's request; and that a jury trial only would have delayed the disposition of the case for approximately one month. Thus, under these circumstances, the record fails to show that a jury trial would operate to injure Sadler, disrupt the court's docket, or seriously interfere with and impede the ordinary handling of the court's business; and Sadler does not so contend.

Nevertheless, Sadler does maintain that Coleman waived his right to a jury trial by unqualifiedly announcing "ready" at the 14 December 1979 trial. In support of his position, he relies on *Trinity Construction Co. v. Franklin*, 323 S.W.2d 668 (Tex.Civ. App.–Beaumont 1959, no writ) and *Hernandez v. Light Pub. Co.*, 245 S.W.2d 553 (Tex. Civ.App.–San Antonio 1952, writ ref'd). In each case, the court determined that the party complaining on appeal had waived a jury trial by failing to seasonably file a jury demand more than ten days in advance of the date set for trial of the cause,[1] by failing to call the jury demand to the attention of the court and obtaining a ruling thereon, and by consciously making a choice between submitting the fact questions to the court rather than to a jury.

██ We do not consider the decisions in *Trinity* and *Hernandez* controlling in this instance. Coleman obtained from the trial court a ruling on his demand for a jury trial. The trial court's adverse ruling on the jury demand removed the jury trial alternative and, in effect, left Coleman without a conscious choice between a jury and non–jury trial. Thus, we conclude that Coleman did not waive his right to a jury trial by announcing "ready" at the non–jury trial. Moreover, Coleman's challenge to the trial court's ruling is properly before this court because he made a timely demand for a jury trial, paid the prescribed fee, presented his demand to the trial court and

---

1. In *Hernandez*, the record failed to show that a jury was requested. *Supra*, at 554.

obtained an adverse ruling on the matter. *See generally Williams v. Williams,* 537 S.W.2d 107, 109 (Tex.Civ.App.–Tyler 1976, no writ).

In summary, under the circumstances of this case, we conclude that by denying Coleman's demand for a jury trial, the court abused its discretion. Thus, we sustain his first point of error. Our disposition of this point is dispositive of this appeal; therefore, it is not necessary for us to pass on the remaining points. Accordingly, the judgment of the trial court is reversed and the cause is remanded to the trial court.