**Sharon Smith McKERN, Appellant,**

v.

**Ronnie McCANN, Appellee.**

No. 13977.

Court of Appeals of Texas,
Austin.

May 9, 1984.

Rehearing Denied June 6, 1984.

Thomas H. Watkins, Hilgers, Watkins &
Kazen, Austin, for appellant.

Joel B. Mitchell, Austin, for appellee.

Before SHANNON, EARL W. SMITH
and GAMMAGE, JJ.

EARL W. SMITH, Justice.

Sharon Smith McKern, appellant, filed suit for declaratory judgment to set aside a foreclosure and Deed of Trust Lien. The case was tried by the court and a judgment was rendered against appellant granting the appellee a writ of restitution awarding the property in question to appellee. Appellant's single point of error complains of the trial court's denial of a trial by jury.

Appellant filed her jury fee and demand on July 22, 1982, not less than ten days before the case's non-jury setting of August 2, 1982. The trial judge denied appellant's request without stating any reasons therefor. The discussion by the court in *Coleman v. Sadler,* 608 S.W.2d 344, 346 (Tex.Civ.App.1980, no writ) addresses this issue as follows:

> Although article 1, section 15 of the Texas Constitution provides that "[t]he right of trial by jury shall remain inviolate," this right is not absolute in civil cases. In civil cases, this right is subject to compliance with Rule 216 of the Texas Rules of Civil Procedure. In pertinent part, Rule 216 provides:
>
>> No jury trial shall be had in any civil suit, unless application be made therefor and unless a fee of five dollars if in the district court, and three dollars if in the county court, be deposited by the applicant with the clerk to the use of the county *on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance* (emphasis added).
>
> When a jury demand is made *more than ten days in advance of the date set for trial, such demand is presumed to be made within a reasonable time. First Bankers Insurance Company v. Lockwood,* 417 S.W.2d 738, 739 (Tex.Civ. App.—Amarillo 1967, no writ); *Jerrell v. Jerrell,* 409 S.W.2d 885, 886 (Tex.Civ. App.—San Antonio 1966, no writ). By refusing such demand, the trial court *abuses its discretion unless the record*

*reflects that: (1) granting the jury trial will operate to injure the adverse party; or (2) granting the jury trial will disrupt* the court's docket or seriously interfere with and impede the ordinary handling of the court's business. *Aronoff v. Texas Turnpike Authority,* 299 S.W.2d 342, 344 (Tex.Civ.App.—Dallas 1957, no writ) (emphasis added).

See also, 3 McDonald, *Texas Civil Practice* § 11.03.1 at 104–5 (1970), and authorities cited.

■ The record does not show that the granting of a jury trial would have operated to injure the adverse party, or that it would have disrupted the court's docket or seriously interfered with and impeded the ordinary handling of the court's business.

The record shows that after the trial judge denied appellant a jury trial the case was continued from its August 2, 1982 setting to August 4, 1982. When the case was called for trial, the oral motion of appellant's attorney to withdraw as counsel was granted by a different judge. *Appellee,* on the same day, set the case for a *non-jury trial* (with jury fee and demand still on file) for January 3, 1983.

Under the facts of this case there is no showing that *granting a jury trial* would have operated to injure appellee or that it would disrupt the court's docket. Appellee asks that we take judicial notice of the Travis County Courts' crowded dockets. Even if that is the case, this evidence does not show that a jury setting, requested five months before it is reset and almost six months before the case actually goes to trial, would disrupt the crowded docket. Attorney for appellee also argues that his client is losing money while this case is pending and that granting a jury trial will injure him. Considering the amount of time and delay for other reasons, appellee has not shown that the granting of a *jury trial* would have prejudiced him. Appellee cannot show now, and did not or could not, at the time of the denial of appellant's jury demand, show that the denial was a proper use of the court's discretion. The jury request was reasonable.

The cases in which courts have upheld the trial court's denial of a jury demand made more than ten days before a non-jury setting are distinguishable from the present case. In *Texas Oil & Gas Corp. v. Vela,* 429 S.W.2d 866, 876 (Tex.1968) the Court held that the request was not reasonable because the trial court found that: "granting the request would require that the case be continued [for about five months], would interfere with the handling of the court's business, and would prejudice the other parties who had made arrangements for the attendance of their witnesses." In *Young v. Young,* 589 S.W.2d 520, 521 (Tex.Civ.App.1979, writ dism'd) the record showed that no jury was available to hear the case on the date of the non-jury setting and the next available jury setting was some six months later. In *Jackson v. Jackson,* 524 S.W.2d 308, 310 (Tex.Civ.App. 1975, no writ) the trial court made findings and conclusions that: "the case had been on file [for] nine months during which time appellant, though before the court on various motions, failed to demand a jury and pay the fee"; to permit the case to remain on the jury docket would have caused unreasonable delay; and "the demand for a jury was 'for the purpose of delaying trial' of the case." In *Sylvester v. Griffin,* 507 S.W.2d 649, 650 (Tex.Civ.App.1974, no writ) the court made findings that: the application for a jury was filed "for purposes of delay, vexation, harrassment, and the purposes set out therein were untrue, groundless, and without merit"; further delay would disrupt the dockets and unduly inconvenience the court and the parties; and failure to make timely jury application was solely due to appellant's lack of diligence. The record in this case shows nothing that would bring it within the rules of these cases and appellant has shown an abuse of discretion.

■ Appellant appeared for trial on January 3, 1983 without benefit of counsel. She announced ready and proceeded to judgment in a trial before the court. In so doing she did not waive her right to a jury trial since she had previously received an

adverse ruling on that issue. *Coleman v. Sadler, supra* at 346.

In summary, under the circumstances of this case, we conclude that by denying appellant's demand for a jury trial, the court abused its discretion. Accordingly, the judgment of the trial court is reversed and the cause is remanded to the trial court.