Glenn HARDY, Appellant,

v.

**PORT CITY FORD TRUCK SALES, INC., et al., Appellee.**

No. B14–84–661CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 4, 1985.

Rehearing Denied May 2, 1985.

R. Gary Stephens, Stephens & Garner, Houston, for appellant.

Karl S. Stern, Vinson & Elkins, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

Glenn Hardy appeals from a take nothing judgment in his suit for breach of an employment contract against appellee, Port City Ford Truck Sales. Mr. Hardy presents three points of error. We reverse the trial court's judgment and remand the case for a new trial.

Mr. Hardy's third point of error complains that the district court erred in denying his timely request for a jury trial. This case was initially certified to the non-jury docket on April 30, 1984. Mr. Hardy's attorney states in his brief that he inadvertently failed to notice this setting, but after notification from the docket manager, he immediately demanded a jury trial and paid the required fee by letter dated May 10, 1984. The District Clerk acknowledged payment of the fee on May 14, indicating that the case was then number 97 on the docket. The case was eventually called for trial for the week of June 11, with the trial actually beginning on June 14. On May 16,

1984, the docket judge conducted a hearing regarding the demand for a jury trial but denied Mr. Hardy's request. The docket judge entered the following statement into the record:

I can say categorically from the District Judge's view and as Docket Judge here in Harris County trying to take care of cases for twenty-four different civil district courts, that granting a late request at this time both interferes with the orderly handling of the docket and causes great confusion. There is not any question that it would delay the trial of the case at least five months.

■ The Harris County district courts handle a very large number of cases yearly, and we can appreciate the need to move these cases along expeditiously. However, the right to a trial by jury in a civil case, while not absolute, has always been jealously guarded in our democratic system of justice. *Jones v. Jones,* 592 S.W.2d 19 (Tex.Civ.App.—Beaumont 1979, no writ); *First Bankers Insurance Co. v. Lockwood,* 417 S.W.2d 738, 739 (Tex.Civ.App.—Amarillo 1967, no writ); *see* Tex. Const. art. I, § 15. The Texas Constitution provides for a jury trial as follows:

In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature.

Tex. Const. art. V, § 10. Rule 216 of the Texas Rules of Civil Procedure further states:

No jury trial shall be had in any civil suit, unless application be made therefor and unless a fee of five dollars if in the district court, and three dollars if in the county court, be deposited by the applicant with the clerk to the use of the county on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the

nonjury docket, but not less than ten days in advance. . . .

Therefore, there are two basic requirements in securing a jury trial in a civil case: (1) there must be an application or demand for a jury trial and (2) the correct fee must be paid within the time allowed in Rule 216. *Dawson v. Jarvis,* 627 S.W.2d 444, 446 (Tex.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

■ We acknowledge the fact that payment of the jury fee more than ten days in advance of trial as required by Rule 216 does not make the payment timely as a matter of law. *Texas Oil & Gas Corp. v. Vela,* 429 S.W.2d 866, 876–877 (Tex.1968). However, if the fee is paid more than ten days before trial, there is a presumption that it has been paid within a reasonable time. *Huddle v. Huddle,* 687 S.W.2d 58 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.; *Lenamond v. North Shore Supply Co.,* 667 S.W.2d 283, 284–285 (Tex. App.—Houston [14th Dist.] 1984, no writ). Mr. Hardy paid the jury fee one month before his trial; therefore, he is entitled to the presumption that he paid the fee within a reasonable time. We find insufficient evidence in the record to rebut this presumption.

It is true that the docket judge stated that granting a jury as of May 16, 1984, would delay the trial at least five months and would interfere with the orderly handling of the Harris County docket. Other Texas Courts of Appeals have indicated that such a statement is sufficient to rebut the presumption of timely filing. *Peck v. Ray,* 601 S.W.2d 165, 168 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.); *Henderson v. Youngblood,* 512 S.W.2d 35, 37 (Tex.Civ.App.—El Paso 1974, no writ). However, we disagree with this approach.

■ We believe that certain disruptions in the docket and moderate delays in the disposition of cases must be tolerated to protect the important right to a jury trial in a civil suit. In the case before us, the District Clerk acknowledged payment of the jury fee on May 14, one full month before the trial began on June 14. This

case is not one where the party requesting a jury tendered a last-minute demand. *See, e.g., Wooten v. Dallas Hunting & Fishing Club,* 427 S.W.2d 344, 346 (Tex. Civ.App.—Dallas 1968, no writ); *Webb v. State,* 335 S.W.2d 264, 268 (Tex.Civ.App.— Austin 1960, no writ); *Roy Mitchell Contracting Co. v. Mueller Co.,* 326 S.W.2d 522, 526 (Tex.Civ.App.—Texarkana 1959, writ ref'd n.r.e.). Under the circumstances before us, we find that the court below erred in denying Mr. Hardy's request. Therefore, we reverse the trial court's judgment and remand the case for a jury trial. Because of our disposition of this point of error, we need not address Mr. Hardy's remaining two points.

Reversed and remanded.