William TACKETT, Individually and d/b/a Wm. Tackett Roofing Company, Appellant,

v.

Michael R. PROFFITT and Amy Proffitt, Appellee.

No. 13–84–325–CV.

Court of Appeals of Texas, Corpus Christi.

May 30, 1985.

Jack Kelso, Corpus Christi, for appellant.

C.M. Henkel, III, Corpus Christi, for appellee.

## OPINION

PER CURIAM.

This is an appeal from a judgment ordering enforcement of a settlement agreement which the trial court found had been breached.

Michael and Amy Proffitt, appellees, brought suit against William Tackett and Tackett Roofing Company for faulty workmanship allegedly performed by Tackett in replacing the roof on the Proffitts' home and resulting damage to the interior of the home. The case was set for trial on February 13, 1984. On that date, the parties entered into a settlement agreement that was announced in open court and is part of the record on appeal. The terms of the agreement were that the parties stipulated that the reasonable cost of repairing the roof was $1,225.00, that the cost of repairs to the interior of the house was $725.00, and that a reasonable attorney's fee was $1,296.67. There was, however, no express stipulation of defendant's liability.

The parties agreed that in lieu of judgment being entered, Tackett would have the Proffitts' roof repaired by a third party, in a good and workmanlike manner on or before thirty days from February 13, 1984. Tackett also agreed to repair the interior damage to appellees' home in a good and workmanlike manner, or cause a third party to make the repairs, within 60 days of February 13, 1984. The parties further agreed that Tackett would pay attorney's fees in the amount of $750.00 within 90 days of February 13, 1984. A judgment or dismissal was to be filed with the trial court after 90 days had expired.

Thereafter, on April 23, 1984, appellees filed a Motion to Enter Judgment alleging that the roof was not repaired within the thirty day period, nor were any interior damages repaired within the sixty day period. On May 7, 1984, the trial court held a hearing on appellee's Motion to Enter Judgment. Appellant argued: 1) that the roof repairs were completed; 2) that the interior repairs had been prevented by appellee's misconduct; and 3) that the attorneys fees were not yet due. The appellant requested a jury trial to resolve all contested fact issues before the court. The record shows that appellant paid a jury fee and requested a jury in November, 1983, prior to the settlement agreement being entered into on the day of trial. Appellant paid another jury fee on May 4th, 1984, after receiving the motion for entry of judgment, and, once again, requested a jury. Nevertheless, the trial court held an evidentiary hearing without a jury and found that appellant had failed to use a third party to repair the interior and the roof and had failed to properly make the required repairs. The trial court then entered a judgment for the Proffitts for $1,950.00 plus $1,296.67 in attorneys' fees.

In his first point of error appellant argues that the trial court erred in entering judgment without a jury trial on the merits when fact issues were in dispute.

The settlement agreement of February 13, 1984, was not itself a consent judgment. A judgment must dispose of the issues before the court and may not be conditional or contingent upon other events. *Hill v. Hill,* 404 S.W.2d 641 (Tex. Civ.App.—Houston 1966, no writ); *See Roberts v. Brittain,* 659 S.W.2d 750 (Tex. App.—Tyler 1983, no writ); *Tully v. Tully,* 595 S.W.2d 887 (Tex.Civ.App.—Austin 1980, no writ). We find that the aspects of the agreement allowing either appellant, or a third party hired by appellant, to repair the damages in lieu of the entry of judgment made the agreement conditional in nature; therefore, it was a settlement agreement only and not a consent judgment.

The Texas Supreme Court has held that a final judgment based upon a settlement agreement can only be rendered if all parties consent. *Hensley v. Salinas,* 583 S.W.2d 617 (Tex.1979). A party may revoke his consent to settle a case at any time prior to the entry of judgment, and, without consent, the judgment is void. *Samples Exterminators v. Samples,* 640 S.W.2d 873 (Tex.1982). In *Milstead v. Milstead,* 633 S.W.2d 347 (Tex.App.—Corpus Christi 1982, no writ), we held that the submission of conflicting motions for judgment put the trial court on notice that mutual consent of the parties was lacking, and the court should have denied both motions due to lack of mutual consent. In the instant case, the appellant's vigorous opposition to the motion for judgment made it quite clear that he did not consent to the entry of the judgment.

The agreement of February 13 did not expressly deal with the issue of defendant's liability; rather, it dealt only with damages sustained by the plaintiff and attorneys fees. As there was no stipulation as to causation nor liability, no judgment could be supported by the agreement in the absence of some further agreement of the parties or by trial.

Additionally, the record reveals a genuine dispute as to compliance with the settlement agreement, and the reasons for non-compliance. While denial of a jury trial is harmless if the facts are undisputed, there were, in the instant case, issues of fact which appellant was entitled to have a jury determine. *Phillips v. Latham,* 551 S.W.2d 103 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e.). Appellant's first point of error is sustained.

In his second point of error, appellant argues that the trial court erred in entering judgment without a jury trial on the merits, when a jury had been properly demanded and the jury fee paid. TEX. R. CIV. P. 216 provides:

> No jury trial shall be had in any civil suit, unless application be made therefor and unless a fee of five dollars if in the district court, and three dollars if in the county court, be deposited by the applicant with the clerk to the use of the county on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance. The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet.

A jury demand, when made more than ten days in advance of the date set for trial, is presumed to have been made within a reasonable time. *Gaines v. Gaines,* 677 S.W.2d 727 (Tex.App.—Corpus Christi 1984, no writ).

The record shows that appellant paid his jury fee and requested a jury trial in November, 1983. There is no evidence that this request was ever withdrawn or the fee refunded. In the instant case, the jury was requested and the fee was paid within a reasonable time before the date set for trial. We hold that it was error to deny a properly made request for a trial by jury. Appellant's second point of error is sustained.

In his third point of error, appellant asserts that the trial court erred in granting judgment for attorney's fees since the time for payment of the attorney fees had not matured. In view of our holding under appellant's previous points of error, we need not address appellant's third point of error. TEX. R. CIV. P. 451 (Vernon Supp. 1984). The judgment of the trial court is REVERSED and the cause is REMANDED for a jury trial on the merits.