**Paul OLSON, Jerry Feagan, and Gloria Jackson, Appellants,**

**v.**

**TEXAS COMMERCE BANK, National Association, Appellee.**

No. 01–85–0457–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 24, 1986.

Rehearing Denied Aug. 28, 1986.

Ron V. Berkowitz, Wilkinson & Berkowitz, Gary D. Jackson, Jackson, Jackson & Loving, Dallas, for appellants.

John K. Schwartz, Liddell, Sapp, Zivley & LaBoon, Houston, for appellee.

Before DUGGAN, LEVY and HOYT, JJ.

## OPINION

HOYT, Justice.

This is an appeal from a suit on a guaranty agreement. Appellants were guarantors on a $1,875,000 loan from Texas Commerce Bank ("TCB") to Cimmaron Oil Company ("Cimmaron"), which is presently the subject of Chapter 11 bankruptcy proceedings pending in federal court.

At the time of the loan in March 1981, Cimmaron was an independent oil and gas exploration and production company, whose primary assets consisted of oil and gas properties in Hood County, Texas. These properties were pledged as collateral on the 90–day $1,875,000 note. As additional security for the note, the appellants, officers

or shareholders of Cimmaron, agreed individually to guarantee payment of up to $500,000 of the loan. On the date of maturity of the note, Cimmaron filed a petition for protection under the federal bankruptcy laws.

Cimmaron never made any payment on the note to TCB, and after being granted relief from a bankruptcy stay, TCB foreclosed on the oil and gas properties in Hood County pledged as security on the note. Though one of the appellants was present at the sale, only TCB itself bid for the properties, purchasing them for $1,300,000. The proceeds of the sale were applied against Cimmaron's debt, and there remained a principal amount outstanding of over $800,000. The bank after demanding payment from the appellants pursuant to the terms of their guaranty agreement, and receiving no payments, filed the present law suit.

The case was certified for trial on September 4, 1984, at the request of the plaintiff. On September 20, 1984, one of the defendants not a party to this appeal, Ronald Jackson, requested a jury trial and paid a jury fee, complaining that he had not received notice of the trial certification hearing. At a hearing on October 24, 1984, the docket judge denied Ronald Jackson's pro se motion for leave to file jury fee, stating that previous motions for continuance by that defendant's attorney had already delayed the case.

On November 6, 1984, appellant Gloria Jackson, also demanded a jury trial and paid a jury fee. The case went to trial on January 15, 1985, but before proceeding with the case, the court heard the defendants' motions for jury trial. The appellants presented no evidence at the hearing that a jury was available and that a jury trial could be had without any additional delay or inconvenience to the court's docket. After arguments to the court, the trial judge denied appellants' motions, stating that he would not interfere with the docket judge's previous denial of a motion for jury trial, and that he was bound by that ruling.

The appellants presented no evidence in their defense at trial, and their chief point of error on appeal attacks the lower court's refusal to grant the requests for a jury trial after the case had been certified for trial. They argue that because the jury demands were made and jury fees were paid more than 10 days before trial, as required by Tex.R.Civ.P. 216, the trial judges abused their discretion in refusing the defendants a jury trial.

TCB's response is that the request for a jury trial was merely the latest in a series of delaying tactics by the defendants to avoid their obligations under the guaranty agreement. TCB points out that, despite proper notice, none of the appellants appeared at the trial certification hearing, in which the court granted certification on the non-jury docket. Finally, TCB argues that the appellants' absolute right to a jury trial had long since expired when the jury requests were made, and that it was within the discretion of the docket and trial judges to determine that those requests were not made within a reasonable time before trial.

The right to a jury trial is guaranteed by the Texas Constitution, which provides:

> The right of trial by jury shall remain inviolate....

Tex. Const. art. I, sec. 15.

For civil cases, the constitution sets certain conditions on the right:

> In the trial of all causes in the District Courts, *the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury;* but no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and *with such exceptions as may be prescribed by the Legislature.*

Tex. Const. art. V, sec. 10 (emphasis supplied).

■ Finally, rule 216 of the Texas Rules of Civil Procedure states specific procedural requirements for a party desiring a jury trial:

*No jury trial shall be had in any civil suit, unless application be made therefor* and unless a fee ... be deposited by the applicant with the clerk ... *on or before appearance day or, if thereafter, a reasonable time before the date set for trial* of the cause *on the nonjury docket,* but not less than ten days in advance....

Tex.R.Civ.P. 216 (emphasis supplied). From these provisions, it is apparent that the right to a trial by jury in civil cases is not absolute. Indeed, the Texas Supreme Court has held that making demand and paying a jury fee more than 10 days before trial does not necessarily make the payment timely as a matter of law. *Texas Oil & Gas Corp. v. Vela,* 429 S.W.2d 866, 876–77 (Tex.1968).

There is a line of appellate court opinions that indulges a rebuttable presumption that if the jury fee is paid more than 10 days in advance of trial, it has been paid within a reasonable time, as contemplated by rule 216. *See, e.g., Tackett v. Proffitt,* 695 S.W.2d 55, 57 (Tex.App.—Corpus Christi 1985, no writ); *Hardy v. Port City Ford Truck Sales, Inc.,* 693 S.W.2d 578, 579 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Lopez v. Lopez,* 691 S.W.2d 95 (Tex.App.—San Antonio 1985, no writ); *McKern v. McCann,* 675 S.W.2d 222 (Tex. App.—Austin 1984, no writ); *First Bankers Insurance Co. v. Lockwood,* 417 S.W.2d 738, 739 (Tex.Civ.App.—Amarillo 1967, no writ).

Those cases generally hold that the right to a jury trial is an important and valuable right in our system of justice that should be guarded zealously by the courts of this State. *Hardy,* 693 S.W.2d at 579; *Lopez,* 691 S.W.2d at 97; *Jones v. Jones,* 592 S.W.2d 19 (Tex.Civ.App.—Beaumont 1979, no writ).

The record before us reflects that none of the appellants requested a jury trial on or before appearance date, September 14, 1981; that appellants caused the case to be removed from state court to federal bankruptcy court where no jury trial was available; that upon remand to the state court

and notice of a hearing for nonjury trial certification, none of the appellants requested a jury trial; that four months expired between the notice of the certification hearing, in May 1984, and the actual hearing on September 4, 1984; and that at the close of TCB's evidence at trial, appellants rested without offering any evidence.

■■■ Viewing the record in its entirety, we hold that after a case is certified for trial on the non-jury docket, the party seeking a jury trial is no longer, as a matter of right, entitled to a jury trial. Tex.R.Civ.P. 216. Indeed, Rule 216 is explicit that the absolute right to a jury trial ends on appearance day, and that the right to a jury trial after appearance day requires a showing that the request was made and jury fee paid a reasonable time *before the date set for trial on the non-jury docket.* Although here, a jury fee was paid several months prior to trial, the fee was not paid prior to certification for trial on the nonjury docket, and the case was subject to trial "upon call."

Accordingly, we hold that whether a defendant receives a jury trial after a nonjury docket trial certification, falls within the discretion of the trial judge. There is no evidence that a jury was available at the time of trial. Therefore, the record does not show that the court's refusal to transfer the case to the jury docket was an abuse of discretion.

■■ Further, even if the appellants were entitled to a jury trial, they have not made an affirmative showing that there are disputed fact issues upon which a jury could pass. A refusal to grant a jury trial is harmless error if the evidence shows that no material issues of fact exist and an instructed verdict would have been justified. *Kegans v. Williams,* 214 S.W.2d 799, 800 (Tex.Civ.App.—Eastland 1948, writ ref'd n.r.e.); *County of Caldwell v. Crockett,* 68 Tex. 321, 4 S.W. 607 (1887).

■■ In the instant case, the appellants rested without presenting any evidence in their own defense. We conclude that, under the circumstances, the trial court would

have been required to render a directed verdict in favor of TCB at the close of the evidence even if a jury trial had been in progress, because TCB presented a prima facie case based on the guaranty agreement, and the appellants failed to rebut it. Therefore, even if it had been error for the trial judge to deny appellants a jury trial, it was harmless error. *Kegans,* 214 S.W.2d at 800. The appellants' respective points of error one are overruled.

Only appellant Gloria A. Jackson raised points of error other than that the trial court erred in refusing to grant a jury trial. In points of error two through eight, Jackson contends that: (1) the evidence does not support the court's finding that the guarantors would pay interest ($320,-643.84) on the principal amount in accordance with the interest rate in the note; (2) the evidence of attorney's fees was in the aggregate rather than by itemization, resulting in a charge for fees by TCB for foreclosure proceedings against Cimmaron, and for its suit against Empire, Inc.; (3) the evidence of attorney's fees was hearsay; and (4) the court's finding that the principal amount unpaid was $833,551.69 was erroneous. Because these points were not briefed, we are not compelled to consider them and respectfully decline to do so. Tex.R.Civ.P. 418.

The judgment of the trial court is affirmed.

LEVY, J., dissenting.

LEVY, Justice, dissenting.

I briefly dissent because of a different perspective as to the constitutional right to a jury trial. Tex. Const. art. I, sec. 15.

While I agree with the majority that the appellants were—at best—dilatory in seeking a trial by jury, and that a *right* to a trial by jury is not absolute, the unpalatable facts remain that in the instant case, the jury fee was first paid by a party on September 20, 1984, once again on November 6, 1984, by another party, and that the case did not go to trial until January 15, 1985, approximately four months after the first demand for a jury trial had been made. In view of the time interval and the unmistakable clarity of the nature of the demand, *and the repeated demands*, for a jury trial, it seems a fair conclusion that the trial court's denial of this valuable constitutional right was an abuse of discretion. I simply cannot agree that, under the circumstances of this case, a constitutional right should be subordinated to a procedural rule that was being strained, but not violated, by the appellants.

Rule 216 of our Rules of Civil Procedure requires an application (and fee) for a jury trial to be filed "not less than ten days in advance" of the date set for trial. *Four months* in advance, then, should certainly be enough. A decent respect for the constitutional dimensions of the right to a jury trial should mandate that trial court procedures, certifications, local rules, and conveniences accommodate themselves to the primacy of the constitutional right, not the reverse. *See Tackett v. Proffitt,* 695 S.W.2d 55, 57 (Tex.App.—Corpus Christi 1985, no writ); *Hardy v. Port City Ford Truck Sales, Inc.,* 693 S.W.2d 578, 579 (Tex.App.—Houston [14th Dist.] 1985, no writ). Sometime during the four month interval, the case should have been judicially transferred to the jury docket, and it could have been done without inconvenience or delay to the court's docket or prejudice to any party.

I would sustain appellants' first point of error, reverse the judgment of the trial court, and remand this cause for trial.