In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-538 CV


____________________



ROSE L. CASON, Appellant



V.



CHARLES B. CASON, Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CV63636






MEMORANDUM OPINION


 This is an appeal from a division of property incident to divorce. Rose Cason brings
three points of error: (1) whether the division of community property was "just and right"
under Tex. Fam. Code Ann. § 7.001 (Vernon 1998); (2) whether the lower court abused its
discretion in awarding Rose fifty percent of Charles's pension benefits contingent upon her
losing disability status; and (3) whether the lower court abused its discretion and harmed
Rose by failing to file findings of facts and conclusions of law. 

 Rose and Charles Cason were married on or about December 31, 1972, and they
ceased living together on or about December 31, 2001. Charles filed for divorce citing
insupportability and Rose cross petitioned citing adultery as well as insupportability. Trial
was to the court without a jury. Charles and Rose requested that the trial court approve their
agreements regarding the division of portions of their community property. The division of
the property not apportioned by agreement was heavily contested and resulted in the case
being heard in four separate hearings. The Final Divorce Decree was ultimately issued and
a request for findings of fact and conclusions of law was timely filed. A subsequent Notice
of Past Due Findings of Fact and Conclusions of Law was also filed; however, although both
requests were acknowledged by the trial court, no findings of fact and conclusions of law
were ever issued. (1) 

 We begin with the second point of error. (2) The Texas Family Code requires the court
to "determine the rights of both spouses in a pension, retirement plan, annuity, individual
retirement account . . . , or other employer plan or financial plan of an employee or a
participant, regardless of whether the person is self-employed, in the nature of compensation
or savings." See Tex. Fam. Code Ann. §7.003 (Vernon 1998). A trial court has broad
discretion in dividing the marital estate, and its decision will not be disturbed absent a clear
abuse of that discretion. See Schlueter v. Schlueter, 975 S.W.2d 584, 589 (Tex.1998); Bell
v. Bell, 513 S.W.2d 20, 22 (Tex. 1974); Phillips v. Phillips, 75 S.W.3d 564, 567 (Tex. App.--Beaumont 2002, no pet.)(citing Stafford v. Stafford, 726 S.W.2d 14, 16 (Tex. 1987)). An
abuse of discretion occurs when a court acts arbitrarily or unreasonably without reference to
any guiding rules or principles. Phillips, 75 S.W.3d at 567 (citing Worford v. Stamper, 801
S.W.2d 108, 109 (Tex.1990)). 

 Rose complains of the "contingent" nature of the trial court's award of Charles'
retirement benefits. Here, the divorce decree awarded Rose all of her IRA, retirement funds,
and disability benefits as her sole and separate property, and awarded Charles all of his
monthly pension benefits as his sole and separate property. However, in yet another
provision, the decree also purported to award Rose, as her sole and separate property, fifty
percent of Charles' pension benefits should she ever lose her disability benefits at any time
in the future. (3) "While there are exceptions, it is a general rule that judgments must not be in
the alternative, conditional, or contingent." Hill v. Hill, 404 S.W.2d 641, 643 (Tex. Civ.
App.--Houston 1966, no writ); see also Tackett v. Proffitt, 695 S.W.2d 55, 56 (Tex. App.--Corpus Christi 1985, no writ). "[A] judgment must be certain and definite. The validity and
binding force of a judgment must depend upon facts existing at the time of its rendition. A
judgment may not rest upon what may or may not occur after its rendition, and must take its
validity from the action of the court and not from what persons may or may not do after the
court has rendered the judgment." Tully v. Tully, 595 S.W.2d 887, 888 (Tex. Civ. App.--Austin 1980, no writ). The Texas Supreme Court in Shanks v. Treadway has recognized that
"'nonvested' pension rights are . . . a contingent interest in property," and "to the extent that
such rights derive from employment during coverture, they comprise a community asset
subject to division in a dissolution proceeding." Shanks v. Treadway, 110 S.W.3d 444, 446
(Tex. 2003) (citing Cearley v. Cearley, 544 S.W.2d 661, 663-664 (Tex. 1976)(quoting Brown
v. Brown, 15 Cal.3d 838, 126 Cal. Rptr. 633, 544 P.2d 561, 562 (1976)). The Court
recognized certain allowable contingent awards when it acknowledged that "it may be
necessary in many instances for the judgment to make the apportionment to the nonretiring
spouse effective if, as, and when the benefits are received by the [employee] spouse." 
Shanks, 110 S.W.3d at 446 (quoting Cearley, 544 S.W.2d at 666). The judgment before us
does not involve such an apportionment of retirement benefits between the spouses. In the
present case, under the section entitled "Property to Husband," the Final Divorce Decree
awarded Charles one hundred percent of his monthly pension benefits. (4) However, the decree
under the section entitled "Property to Wife" also awarded Rose a fifty percent interest in
Charles' pension plan that is subject to an event that may never occur, the loss by Rose of
her disability benefits. Thus, Rose has no interest (possessory or future) in Charles' pension
benefits unless she loses her disability status, at which time she will receive a fifty percent
interest. As losing her disability status is neither certain nor definite, this is not a certain and
definite award. "[W]e interpret a divorce decree like any other judgment, reading the decree
as a whole and 'effectuat[ing] the order in light of the literal language used' if that language
is unambiguous." Reiss v. Reiss, 118 S.W.3d 439, 441 (Tex. 2003) (quoting Wilde v.
Murchie, 949 S.W.2d 331, 332 (Tex. 1997)). Here, however, the conflicting and conditional
awards create an ambiguity that cannot be resolved through literal interpretation, resulting
in an unreasonable judgment. Thus, we find that the trial court clearly abused its discretion
in the making of these awards. Point of error two is sustained. 

 The judgment in this case is reversed and remanded to the trial court for proceedings
consistent with this opinion. (5) 

 REVERSED AND REMANDED.





 CHARLES KREGER

 Justice


Submitted on July 14, 2005

Opinion Delivered August 31, 2005



Before McKeithen, C.J., Kreger, and Horton, JJ.
1. Tex. R. Civ. P. 296, 297. See also, Cherne Indus. v. Magallanes, 763 S.W.2d 768,
772 (Tex. 1989)(When properly requested, the trial court has a mandatory duty to file
findings of fact.)
2. Because our resolution of point of error two is dispositive of this case, we need not
address points of error one and three; however, under point of error one, Rose requests that
we render a "just and right" property division. We are prohibited from this by McKnight v.
McKnight, which prohibits courts of appeals from rendering specific awards of property in
a divorce action, as the courts' only role is to determine if there is an abuse of discretion.
McKnight v. McKnight, 543 S.W.2d 863, 866-67 (Tex. 1976). 
3. "In the event, and only in the event, the monthly disability payments presently being
paid to Rose L. Cason as a result of her disability should be terminated, then Rose L. Cason
is awarded an undivided fifty (50%) percent of the monthly pension benefits presently being
paid to Charles B. Cason."
4. In the divorce decree Charles is awarded "One Hundred (100%) percent of Charles
B. Cason's pension benefits received as a result of his employment with the City of Houston
Fire Department." 
5. Although not raised in this appeal, we note there was a second conditional "award"
to Rose; that of Charles's real property.