Juan MARTINEZ, et ux., Appellants,

v.

**GENERAL MOTORS CORPORATION, Appellee.**

No. 04–82–00498–CV.

Court of Appeals of Texas, San Antonio.

Feb. 15, 1985.

Rehearing Denied March 14, 1985.

---

**350**

John D. Wennermark, San Antonio, for appellants.

Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

CADENA, Chief Justice.

### ON APPELLANTS' MOTION FOR REHEARING

The appellants' motion for rehearing is granted and their appeal is reinstated. Our prior opinion dismissing the appeal is withdrawn.

Plaintiffs, Juan Martinez and wife, Maria Martinez, appeal from an order dismissing their suit against defendant, General Motors Corporation because of plaintiffs' failure to answer interrogatories submitted by defendant. We reverse and remand the cause for further proceedings.

Defendant obtained a setting on its motion to dismiss on Wednesday, February 17, at which time the hearing on the motion was set for 9:00 A.M. the following Monday, February 22. Notice of the hearing was delivered to the office of plaintiffs' attorney on Friday, February 19. Neither plaintiffs nor their attorney appeared in court on Monday, February 22, and the trial court entered the order dismissing plaintiffs' suit.

Plaintiffs assert that the order of dismissal cannot stand because they were given insufficient notice of the February 22 hearing.

■ Under Rule 21, TEX.R.CIV.P., the notice of the hearing on the motion, since the motion was not presented during a hearing or trial, was required to be served "not less than three days before the time specified for the hearing, unless otherwise provided by these rules or shortened by the court."

According to Rule 4, TEX.R.CIV.P., in computing a period of time prescribed or allowed by the rules, "the day of the act, event or default after which the designated period of time begins to run is not to be included," but "the last day of the period so computed is to be included," .... The

provision of the rule concerning situations where the last day is a Saturday, Sunday or legal holiday is not applicable here.

In the absence of a motion for new trial, Rule 356 requires that an appeal bond shall be filed within 30 days after the judgment is signed. In such a case, the application of the Rule 4 formula gives the appellant 30 full or entire days within which to file the bond. Thus, if the judgment is signed on March 1, a bond filed prior to midnight March 31 complies with the rule. This is true in every case in which the law requires that an act be performed.

 It is apparent that the method for computing time prescribed by Rule 4 cannot realistically be applied in a case where the requirement is that an act or event occur a certain number of days before a known future date. In such cases, it seems that a majority of American courts which have considered the problem hold that in computing the time either the first or last day is excluded. If the first day is excluded, the last day is counted. If the last day is excluded, then the first day is counted. Annot: 98 A.L.R.2d 1331 (1964). In the case before us, if we exclude the date of the hearing and include the day of service, the resulting conclusion would be that the service took place on the third day before the hearing, but we would still be faced with the problem that adherence to such a formula would not give three full or entire days between the date of service and the date of hearing.

In a majority of the Texas cases which have considered the problem, both the first and last day have been excluded. In *O'Connor v. Towns*, 1 Tex. 107 (1846), the applicable statute required that service of process on defendant be made at least five days prior to the commencement of the terms of court. Service of process took place on a Wednesday, and the next term of court began on the following Monday. The Supreme Court, holding that the statute required that five full days intervene between the day of service and the commencement of the term, excluded both the days of service and the first day of the term, and then concluded that process had not been served "at least five days" before the commencement of the term.

In *Pollard v. Snodgrass*, 203 S.W.2d 641 (Tex.Civ.App.—Amarillo 1946, writ dism'd), the statute required that notice of an election be posted in each election precinct at least six days prior to the election. The notice of the election to be held on December 7 was posted on December 1. The Court said that the date of posting was only five days before the election. Such a conclusion can be reached only by excluding December 1, the date of posting, and December 7, the date of the election.

Other Texas cases reaching the same result are referred to in the annotation, *supra*, 98 A.L.R.2d at 1354, § 4(b).

The judgment of the trial court is reversed and the cause is remanded with instructions that it be reinstated on the docket of the trial court.