Charles McCRANN, et al., Appellants,

v.

TANDY COMPUTER LEASING, a DIVISION OF TANDY ELECTRONICS, INC., Appellee.

No. 13–87–147–CV.

Court of Appeals of Texas, Corpus Christi.

June 30, 1987.

Rehearing Denied Aug. 28, 1987.

Rob Baiamonte, Corpus Christi, for appellants.

John S. Warren, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an award of damages for breach of a written equipment lease agreement. The trial court awarded appellee, Tandy Computer Leasing (Tandy),

$6,903.02 against appellants, jointly and severally, and repossession of certain computer equipment. Appellants' first point of error complains of the trial court's refusal to grant them a jury trial.

Appellant, Charles McCrann, Jr., leased certain computer equipment from Tandy through a Radio Shack store on October 27, 1984. Tandy filed suit on the lease agreement on August 21, 1985, alleging appellants had defaulted under the lease. In March, 1986, appellants filed a third party action against Radio Shack for violations of the Deceptive Trade Practices Act. Tex. Bus. & Comm.Code Ann. § 17.50 (Vernon Supp.1987). Appellee filed special exceptions, and as a result appellants filed a third party action against Tandy Corporation, of which Radio Shack is a division. This occurred in October, 1986.

The docket sheet reflects that on September 23, 1986, the trial court set the case on a nonjury docket for November 24, 1986. The appellants made no objection to the nonjury setting. However, on November 13, 1986, the trial court severed appellants' third party petition from appellee's suit on the lease. The appellants immediately paid their jury fee and requested a jury trial the same day the trial court severed out their third party action. When the trial court did not reschedule the case on the jury docket, appellants filed a motion for continuance on November 21, alleging that there were no jury parels available for the week of November 24, and requested a continuance until a jury panel was available. The motion for continuance and jury trial were denied. Appellants appeared at trial and objected to the trial court's refusal to allow them a jury trial. The case proceeded to trial, however, before the court.

Tex.R.Civ.P. 216 provides:

No jury trial shall be had in any civil suit, unless application be made therefor and unless a fee ... be deposited by the applicant with the clerk ... on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the nonjury docket, but not less than ten days in advance....

When a jury demand is made more than ten days in advance of the date the case is set for trial, such demand is presumed to be made within a reasonable time. *Tackett v. Proffitt,* 695 S.W.2d 55, 57 (Tex.App.—Corpus Christi 1985, no writ); *First Bankers Insurance Co. v. Lockwood,* 417 S.W.2d 738, 739 (Tex.Civ. App.—Amarillo 1967, no writ); *Jerrell v. Jerrell,* 409 S.W.2d 885, 886 (Tex.Civ.App. —San Antonio 1966, no writ). By refusing such demand, the trial court abuses its discretion unless the record reflects that: (1) granting the jury trial will operate to injure the adverse party; or (2) granting the jury trial will disrupt the court's docket or seriously interfere with and impede the ordinary handling of the court's business. *Aronoff v. Texas Turnpike Authority,* 299 S.W.2d 342, 344 (Tex.Civ.App.—Dallas 1957, no writ); *see also Texas Oil & Gas Corp. v. Vela,* 429 S.W.2d 866, 876–77 (Tex. 1968). Here, the jury demand was made and the prescribed fee was paid eleven days before the nonjury setting of November 24, 1986. The trial court, in considering the motion for continuance and overruling the same, denied the appellants' request for a jury trial. There was no evidence presented and no finding made that the granting of the jury trial would operate to injure the adverse party, nor was there any evidence that the granting of a jury trial would have disrupted the court's docket or would have otherwise impeded the ordinary handling of the trial court's business. *See Coleman v. Sadler,* 608 S.W.2d 344, 346 (Tex.Civ.App.—Amarillo 1980, no writ).

Appellants argue that the trial court's severance of their third party claim against Radio Shack and Tandy Corporation on November 13 took away their defense to Tandy's claim and substantially changed their position in the suit set for trial on November 24. To this we would agree.

The trial court's action in severing out appellant's defensive cause of action, thereby altering the position of the parties in the litigation eleven days before trial, was a justifiable reason to request a jury trial.

There is no indication in the record that appellants sought a jury trial for purposes of delay.

Appellants' first point of error is sustained. Our disposition of this point is dispositive of this appeal; therefore, it is not necessary for us to address the remaining point.

The judgment of the trial court is REVERSED and the cause is REMANDED for a trial on the merits before a jury.