Robert Carl **WITTIE**, Sr., Appellant,

v.

Patricia Ann (Wittie) **SKEES**, Appellee.

No. A14–88–964–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 15, 1990.

Rehearing Denied March 29, 1990.

John L. Webb, Houston, for appellant.

Lynn J. Klement and Mary Peter Cudd, Angleton, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

**J. CURTISS BROWN, Chief Justice.**

This is an appeal from the trial court's judgment denying appellant a jury trial. Appellant brings three points of error. For the reasons discussed below, we reverse the trial court's decision and remand the case for rehearing before a jury.

Appellant Robert Carl Wittie (appellant or Wittie) and appellee Patricia Ann Skees (appellee or Skees) were divorced in January of 1984. The divorce court appointed Skees as managing conservator of the three children born during the marriage. On June 10, 1988, Wittie filed suit to modify the parent-child relationship. Appellee filed her own motion to modify the parent-child relationship on June 15, 1988, and on July 5, 1988, served appellant with notice that hearing had been set for July 20, 1988. Appellant made his demand for a jury trial on June 20, 1988. On July 20, 1988, the trial court refused appellant's re-urged request for a jury trial and motion for continuance and proceeded to trial on the merits. Following presentation of the evidence in the case, the court denied Wittie's motion to modify. The court subsequently rejected appellant's motion for a new trial. Wittie then perfected this appeal; however, he failed to timely file a statement of facts for the case.

In appellant's first point of error he asserts that the trial court erred in denying him a trial by jury. According to appellant, his request for a jury trial was timely and appropriate. In his remaining two points of error appellant claims that he preserved any possible error by requesting a continuance after the court denied the jury demand and subsequently moving for a new trial. We conclude that the trial court abused its discretion in denying appellant a jury trial.

■ Appellee claims that once a party makes an appearance in a case, that party's absolute right to a jury trial ends. Appellee refers the court to *Six Flags Over Texas, Inc. v. Parker*, 759 S.W.2d 758, 760 (Tex.App.—Fort Worth 1988, no writ), and *Texas Oil & Gas Corporation v. Vela*, 429 S.W.2d 866, 876–77 (Tex.1968); however, appellee misinterprets these cases. Texas Rules of Civil Procedure require only that a written request for jury trial be filed with the clerk of the court "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." TEX.R.CIV.P. 216(1). Although an individual would be assured a jury trial if he requested it on appearance date, he still has an absolute right to a jury trial if a jury demand is made any time within a *reasonable time* before the date set for trial on the cause on the non-jury docket. *Six Flags*, 759 S.W.2d at 760; *Texas Oil*, 429 S.W.2d at 876–77. "Reasonable time" may be variously interpreted dependant upon the circumstances of the individual cases, but may be as few as thirty days in advance.

■ Rule 4 clarifies that in computing the thirty day requirement the first day of the prescribed period is not included, whereas the last day of the period is included. *Id.* at 4. Although *Williams v. City of Angleton*, 724 S.W.2d 414, 417 (Tex.App.—Houston, [1st Dist.] 1987, writ ref'd n.r.e.), and *Martinez v. General Motors Corporation*, 686 S.W.2d 349, 351 (Tex.App.—San Antonio 1985, no writ), excluded both the first and last days of the determinable period in their calculations, because of the specificity of Rule 4 and the circumstances in *Williams* and *Martinez*, we do not find these cases controlling. Similarly, in *Martinez v. Department of Human Resources*, 620 S.W.2d 805, 808 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ), this court noted that resulting delay from granting a jury trial in a paternity suit would not be in the best interest of the child involved in the litigation. Although we cited the method of calculating the dictated deadline, this deadline was not the determining issue in the outcome of the case. *Id.*

To illustrate the proper method of calculating a statutorily dictated period of time, four years from September 26, 1945, expires on but includes September 26, 1949. *Pitcock v. Johns*, 326 S.W.2d 563, 566 (Tex.Civ.App.—Austin 1959, writ ref'd); *see also*

*McGaughy v. City of Richardson*, 599 S.W.2d 113, 114–15 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). Similarly, in *McCrann v. Tandy Computer Leasing, a Division of Tandy Electronics, Inc.*, 737 S.W.2d 10, 11 (Tex.App.—Corpus Christi 1987, no writ), the court determined that for the purposes of determining timely demand of a jury trial, eleven days passed from November 13th, the date of McCrann's request for a jury trial, and November 24th, the date the trial was set on a nonjury docket.[1] It is clear from these cases that *both* first and last days were not excluded in calculating the time periods. In the case before us appellant made his demand on June 20th and trial was scheduled for July 20th. Following the *Pitcock* and *McCrann* illustrations, Wittie's trial on the merits fell exactly thirty days after his jury demand and is within the boundaries prescribed by rule 216.

Appellant's request for a jury and payment of the jury fee in advance of the deadline creates a presumption that his jury demand was made within a "reasonable time." *Six Flags*, 759 S.W.2d at 760 (citations omitted). Appellee may rebut this presumption if the record shows that the granting of a jury trial would operate to injure the adverse party, disrupt the court's docket, or impede the ordinary handling of the trial court's business. *Id.* Since no statement of facts was filed, appellee has failed to disaffirm this supposition. Based on this presumption, the jury demand was therefore made within a reasonable time. As a consequence, the trial court erred in refusing appellant a jury trial, and we sustain appellant's first point of error.

Appellee argues that the decision in *Olson v. Texas Commerce Bank*, 715 S.W.2d 764 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), supports the judgment of the lower court and should be controlling. According to the *Olson* court, a refusal to grant a jury trial is harmless error if the evidence shows that no material issues of fact exist and an instructed verdict would have been justified. *Id.* at 767 (citing *County of Caldwell v. Crocket*, 68 Tex. 321, 4 S.W. 607 (1887); *Kegans v. Williams*, 214 S.W.2d 799, 800 (Tex.Civ. App.—Eastland 1948, writ ref'd n.r.e.)). However, we decline to follow the First District Court's precedent in applying the harmless error rule in the case at hand. The court in *Olson* emphasized that none of the appellants requested a jury trial on or before appearance date. *Olson*, 715 S.W.2d at 767. That is not the situation in the instant case. Wittie made his request for a jury trial ten days after he initiated the suit, five days after Skees asserted her claim.[2]

While we encourage expedition in resolving a cause and will not tolerate unjustified procrastination, we are also intolerant of speed used in court proceedings for the purpose of gaining unfair advantages over an adverse party. In the case at hand less than six weeks lapsed from the time the suit was initiated until trial was held on the merits. We see no reason why the delay necessary for procuring a jury for such a young case would unduly burden the courts or appellee.

In sustaining appellant's first point of error we find it unnecessary to address appellant's remaining points. The judgment of the trial court is reversed and remanded.

---

1. Subsequent to the *McCrann* decision the State Supreme Court amended Tex.R.Civ.P. 216(1). The rule previously required a ten day, rather than a thirty day, advance request for jury trial.

2. Appearance day is the day of the term time on which a defendant is required to answer a citation, Tex.R.Civ.P. 237, not the date an answer is actually filed.