Peter **WHITEFORD**, Appellant,

v.

David S. **BAUGHER**, Appellee.

No. 01–90–00094–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 22, 1991.

Rehearing Denied Oct. 10, 1991.

Sandra P. Williams, Houston, for appellant.

Fred L. Unger, Houston, for appellee.

Before O'CONNOR, DUGGAN and MIRABAL, JJ.

## OPINION

O'CONNOR, Justice.

This case involves whether the party made a timely request for a jury trial. We reverse and remand for a jury trial.

David Baugher, plaintiff, and Peter Whiteford, defendant, were businessmen who jointly owned four corporations between 1975 and 1977. In 1981, plaintiff sued defendant for breaching a 1976 promissory note in the amount of $25,000. In 1986, plaintiff amended his suit to include a second cause of action against defendant for half the proceeds of a lawsuit awarded to a corporation in which they were equal shareholders. The second claim involved a judgment awarded to Whitefield Enterprises, Inc. (WEI), which was initially formed by defendant, but later was owned 50–50 by the two men. Before plaintiff became a 50% shareholder, WEI sued Pecos Supply Co. and the First National Bank of Stafford (the Pecos lawsuit). In the Pecos lawsuit, WEI alleged that the supply company delivered nonconforming pipe, and the bank

wrongfully paid for it over a letter of credit. As a result of the Pecos lawsuit, WEI was awarded a judgment for $60,433.47. In the 1986 amendment, plaintiff added claims against defendant for breach of fiduciary duty as a director, stockholder, and executive officer of WEI for misappropriation of the proceeds from the Pecos lawsuit. Plaintiff sought actual and punitive damages. Defendant responded to plaintiff's claims by alleging lack of capacity and standing to sue, statute of limitations as a bar to recovery, accord and satisfaction, waiver, estoppel, and fraud in the inducement. He also counterclaimed for fraud, breach of contract, and breach of fiduciary duty.

The case was tried to the court before a visiting judge on October 2, 1989. The court rendered judgment for plaintiff on his suit for breach of the promissory note and also on his claim for half the proceeds of the WEI lawsuit. Defendant raises four points of error.

In point of error one, defendant complains that the trial court erred as a matter of law in striking his jury setting because: (1) he paid the jury fee on the same day the case was certified for trial, as required to the Harris County local rules; (2) the case had "always been on the jury docket"; and (3) he filed a jury request more than 30 days before the date the case was finally tried. TEX.R.CIV.P. 216 provides

a. Request: No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the nonjury docket, but not less than 30 days in advance.

b. Jury Fee. Unless otherwise provided by law, a fee of ten dollars ... must be deposited with the clerk of the court within the time for making a written request for a jury trial. The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet.

A timely request for a jury plus a timely payment of the jury fee are essential to preserving the right to trial by jury. *Huddle v. Huddle*, 696 S.W.2d 895, 895 (Tex. 1985).

In the recent case of *Halsell v. Dehoyos*, 810 S.W.2d 371 (Tex.1991), the supreme court clarified the law relating to the deadline for requesting a jury trial. Before *Halsell*, many decisions of the courts of appeals held that if a party made a request for a jury more than 30 days before trial, but after the case was certified for trial on the non-jury docket, the request was not timely, and the party was not entitled to a jury trial. Since *Halsell*, a request for a jury trial that is made 30 days before the trial is timely, even if it is made after the case is certified for trial. If the case is re-set, the final trial date is the one that controls the 30 day deadline. *Halsell*, 810 S.W.2d at 371.

In this case, the following dates are necessary to understand the jury demand issue:

1981: Plaintiff sues defendant. There is no jury request in either plaintiff's petition or defendant's answer or amended answer.

8–13–84 The case is certified for trial.

8–13–84 Defendant paid the jury fee.

6–9–86 Date of first trial setting.

7–86 Plaintiff amends the lawsuit to include a new claim.

9–15–86 Date of the second trial setting.

11–21–88 Date of the third trial setting.

4–24–89 Pretrial conference.

4–24–89 Plaintiff files a motion to strike the jury setting.

5–1–89 Date of fourth trial setting.

8–10–89 Defendant files a jury request, stating he "makes this demand and application for a jury trial, even though he had done so previously at the time he paid his jury fee, because of plaintiff's claims that [he] has not filed his jury request."

8–23–89 The trial court grants plaintiff's motion to strike defendant's jury demand.

9–25–89 Pretrial conference.

11–2–89 The case is tried to the court.

Under the law of *Halsell*, because defendant paid his jury fee and filed his jury request timely more than 30 days before the actual trial date, defendant made a timely request for a jury. We must now decide whether the error was harmful.

A refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist, and an instructed verdict would have been justified. *Halsell*, 810 S.W.2d at 372. Here, the record is replete with material fact issues. Both plaintiff's cause of action and defendant's counterclaim raised fact issues, including the nature and extent of the oral agreement between the two men, accord and satisfaction, and prior payment of an existing debt. The trial court could not have granted an instructed verdict on either plaintiff's cause of action or defendant's counterclaim. We conclude the trial court's refusal to grant defendant a jury trial was harmful error. We therefore sustain defendant's point of error one and reverse and remand for new trial.

We need not address defendant's remaining points of error.