Simpson v. Hon. Robt Stem 
















IN THE
TENTH COURT OF APPEALS
 

NO. 10-91-217-CV

        LETRECE SIMPSON,
                                                                                       Relator
        v.

        HONORABLE ROBERT STEM, JUDGE,
        82ND DISTRICT COURT, FALLS COUNTY,
        TEXAS,
                                                                                       Respondent
 

 Original Proceeding

                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          The primary issue in this mandamus proceeding is whether the trial court erred in denying
Relator Letrece Simpson a jury trial to determine conservatorship/custody issues. Because Relator
could not comply with Rule 216 after the case was set on the nonjury docket with less than forty-five days notice to Relator in violation of Rule 245, we conditionally grant the writ. See Tex. R.
Civ. P. 216, 245.
          On January 17, 1991, the Attorney General's office filed a petition in the 82nd Judicial
District Court "to establish the parent-child relationship" on Relator's behalf. The father admitted
paternity and a hearing was originally set for March 12 to determine temporary custody and
visitation, but was recessed until April 9 to allow time for Relator to obtain counsel. The first
hearing on temporary custody was held on July 2, during which the court set visitation. A second
hearing, a continuation of the first, was conducted on August 22. The court awarded custody to
the father, and temporary orders were issued on August 22. 
          Counsel for Relator received a copy of a letter dated October 2 from the father's attorney
to the court coordinator of Falls County asking that the final hearing be set for November 7, at
9:00 A.M. On October 9, Relator's attorney received notice from the court coordinator that the
final hearing had been set for November 7 on the nonjury docket. Relator forwarded her demand
for a jury trial and the jury fee to the court coordinator on October 15. On October 14, Relator
had filed a motion requesting that the final hearing be reset for December 3 to allow time for
completion of discovery and the home/social study. On October 15, Relator filed a request for
a pretrial conference as well as a motion for home/social study. On October 31, orders were
issued appointing a state certified social worker to the case and denying Relator's motion for
continuance and demand for a jury trial. The case remained set for final hearing, nonjury,
November 7. When this court granted Relator's motion for leave to file her petition for writ of
mandamus, we also issued temporary orders at Relator's request staying all further proceedings
in the trial court. 
          When a written request for a jury trial is filed and the jury fee paid a reasonable time
before the date set for trial of the cause on the nonjury docket, not less than thirty days in advance,
a jury has been properly demanded and a presumption arises that the jury demand was made within
a "reasonable time." See Tex. R. Civ. P. 216(a),(b); Wittie v. Skees, 786 S.W.2d 464,466 (Tex.
App.—Houston [14th Dist.] 1990, writ denied.). In the present case, the court rendered Relator's
compliance with Rule 216 impossible, because less than thirty days notice was given by the court
of the nonjury setting. Id. at 216(a). Even if it could be said that the court's denial of the jury
trial was within the court's discretion under Rule 216, the notice also contravened the requirement
of Rule 245 that the court give no less than 45 days notice of a first setting on a contested matter. 
See id. at 245. According to the comments following Rule 245, the rule was amended effective
September 1, 1990, specifically "to harmonize a first time nonjury setting with the time for jury
demand, and to set a more realistic notice for trial."


 
          In view of the stated purpose of the 1990 amendment to Rule 245, Relator's request for a
jury trial on the final conservatorship hearing will therefore be deemed timely, triggering the
presumption that the jury demand was made within a "reasonable time." See Wittie v. Skees, 786
S.W.2d at 466. The presumption has not been rebutted and Relator's right to a jury trial is
absolute. Id. The record fails to reflect that the granting of a jury trial would actually harm the
adverse party, disrupt the court's docket, or impede the ordinary handling of the trial court's
business. Id. Moreover, the permanent custody of the children clearly involves factual disputes
upon which a jury could pass. See Wright v. Brooks, 773 S.W.2d at 651.
          We conditionally grant the writ. The writ will issue only in the event the trial court fails
to vacate its order denying Relator a jury trial and place the case on the jury docket 
with the required notice to all parties.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Writ of mandamus conditionally issued
Opinion delivered and filed January 8, 1992
Publish