Drew v. Anderson 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-282-CV





JULIUS DREW, SR.,



 APPELLANT


vs.





ROSCO A. ANDERSON, WILLIE E. WHITE, SR., AND GEORGE LONG, JR.,



 APPELLEES


 




FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT



NO. 117,702-B, HONORABLE OLIVER S. KITZMAN, JUDGE PRESIDING



 





PER CURIAM



 Appellant, Julius Drew, Sr., appeals the trial court's order dismissing his cause for
want of prosecution. Appellant brought suit in November 1987 against appellees Rosco
Anderson; Willie White, Sr.; and George Long, Jr., seeking damages arising from the dissolution
of a partnership. On March 11, 1991, after appellant failed to appear for trial, the trial court
signed the order of dismissal. We will affirm the order of the trial court. 

 In point of error two, appellant claims that the trial court did not comply with the
Rules of Civil Procedure when it notified him of the dismissal hearing. On Monday, February 25,
1991, appellant failed to appear for a trial setting of which he had notice. After waiting several
hours for appellant to arrive, the court announced that the cause was set for dismissal for want of prosecution on Friday, March 1. The court directed the clerk to notify
appellant of the dismissal hearing according to Tex. R. Civ. P. Ann. 165a (Supp. 1992).

 The transcript contains a letter from the court to appellant, dated February 25,
1991, informing him that the dismissal hearing was set for 9 a.m., Friday, March 1. At the
dismissal hearing, the court took notice of the letter and took notice that it was directed to
appellant at the address shown in the court's file. The court noted that this address was in Belton
and that the letter to appellant was mailed from Belton. The court then struck appellant's
pleadings for his failure to appear at the trial setting on February 25. (1)

 Appellant argues that Rule 21 required that he receive three days' notice of the
dismissal hearing. Tex. R. Civ. P. Ann. 21 (Supp. 1992). He further argues that Rule 21a
required that three more days be added to the time within which he was required to act because
he was served by mail. Tex. R. Civ. P. Ann. 21a (Supp. 1992). Adding these together, appellant
concludes that the hearing should not have been held before Tuesday, March 5.

 Rule 21 by its terms applies to hearings on orders that a party requests of the court. 
Fishing Publications, Inc. v. Williams, 661 S.W.2d 323 (Tex. App. 1983, no writ); cf. Martinez
v. General Motors Corp., 686 S.W.2d 349 (Tex. App. 1985, no writ). Here, however, the court
set appellant's case for dismissal on its own motion. Rule 21a states that whenever a party is
required to do an act within a prescribed period after the service of notice on him and the notice
is served by mail, three days shall be added to the prescribed period. The notice of the dismissal
hearing did not require appellant to act within a "prescribed period" after service of the notice. 
Rules 21 and 21a do not support appellant's argument that the trial court gave him improper notice
of the dismissal hearing.

 Whether the court dismissed this case pursuant to its inherent power or pursuant
to Rule 165a, appellant was entitled to notice and an opportunity to show cause why his case
should not be dismissed. Tex. R. Civ. P. Ann. 165a(1) (Supp. 1992); (2)
 Callahan v. Staples, 161
S.W.2d 489 (Tex. 1942); Collier Mgf. & Supply, Inc. v. InterFirst Bank Austin, N.A., 749
S.W.2d 560 (Tex. App. 1988, no writ). The record before this Court indicates that appellant was
given notice of the court's intention to dismiss the cause in compliance with Rule 165a(1). We
overrule point two.

 In points one and three, appellant claims that the trial court erred in failing to rule
on various motions. Appellant asserts in point one that the trial court erred in "failing to resolve
the many motions filed by appellant before proceeding to trial." In point three, appellant faults
the trial court for "refusing to act on appellant's post dismissal motions." An assignment of error
is multifarious if it attacks several distinct rulings of the trial court. This Court can disregard an
assignment of error that is multifarious. Pooser v. Lovett Square Townhomes Owners' Ass'n, 702
S.W.2d 226 (Tex. App. 1985, writ ref'd n.r.e.). However, multifarious points may be considered
if, after reviewing the argument, the appellate court can determine with reasonable certainty the
nature of the complaint raised. Id. at 228. In his argument under both points appellant presents
a list of motions that were not ruled on, but does not explain the legal basis for the alleged errors. 
This Court has reviewed the argument under both points, but is not able to discern the basis of
appellant's complaint under either point. We overrule points one and three. 

 In point of error four, appellant contends that the trial court erred in denying his
motion for summary judgment. On June 13, 1989, appellant filed a motion for summary
judgment, and on August 15, 1989, the trial court signed an order denying his motion. The
record shows that the case was set for jury trial on Monday, February 25, 1991; appellant failed
to appear in court on this date. 

 An order denying a motion for summary judgment is not a final, appealable
judgment, but is interlocutory and unappealable. Novak v. Stevens, 596 S.W.2d 848 (Tex. 1980). 
The denial of appellant's motion for summary judgment obliged him to go forward to trial. 
Having failed to pursue his case to trial, appellant cannot complain of the denial of his motion for
summary judgment. We overrule appellant's fourth point.

 By one cross-point appellees request damages, asserting that this appeal was taken
for delay and without sufficient cause. Tex. R. App. P. Ann. 84 (Supp. 1992). Rule 84 allows
an appellate court to award damages if it determines that an appellant has appealed for delay and
without sufficient cause. After reviewing the record, we cannot conclude that no sufficient cause
for appeal existed and that the appeal was taken solely for delay. See Gaines v. Frawley, 739
S.W.2d 950 (Tex. App. 1987, no writ). We decline to award damages in this case and overrule
the cross-point.

 The judgment of the trial court is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: March 18, 1992

[Do Not Publish]

1. [1] The trial court ordered preparation of a statement of facts from the hearings on February
25 and March 1, 1991, and ordered that this statement of facts be submitted to this Court in a
supplemental transcript.
2. 

 [2] Texas R. Civ. P. Ann. 165a(1) (Supp. 1992) provides in part:


Notice of the court's intention to dismiss and the date and place of the dismissal
hearing shall be sent by the clerk to each attorney of record, and to each party not
represented by an attorney and whose address is shown on the docket or in the
papers on file, by posting same in the United States Postal Service. At the
dismissal hearing, the court shall dismiss for want of prosecution unless there is
good cause for the case to be maintained on the docket.