TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00272-CV






James J. Crook, Appellant



v.



Donald J. Daniels, D.C.; Ameri-Span Chiropractic, P.C.; and


Ameri-Span Chiropractic-Airways, P.C., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 96-02491, HONORABLE PETER M. LOWRY, JUDGE PRESIDING 






 The issue in this case is whether a party who agrees to reschedule a trial for a non-jury
week waives his right to a jury trial. Appellant James J. Crook, a lawyer, appeals the trial court's denial
of his motion to strike jury setting and motion for new trial. Following a bench trial, the trial court rendered
judgment in favor of appellees. We will affirm.


BACKGROUND


 Appellees Dr. Donald J. Daniels, Ameri-Span Chiropractic, P.C., and Ameri-Span
Chiropractic-Airways, P.C. filed a suit against Crook for the return of $47,055 in attorney's fees appellees
paid to Crook for legal services which he failed to perform. Appellees' petition alleged negligence,
violations of the Deceptive Trade Practices Act, breach of contract, breach of duty of good faith and fair
dealing, and fraud. A non-jury trial was originally set for October 28, 1996. On October 15, Crook filed
a request for a jury trial.

 The case was announced but not reached on October 28. On that date, the parties agreed
to reset the trial for January 6, 1997, also a non-jury week. Appellees filed a Notice of Agreed Trial
Setting on November 7, 1996, scheduling the trial for January 6, 1997.

 Crook sent a letter dated November 14, 1996 to the district clerk requesting that the case
be placed on the jury docket pursuant to his October 15 request for a jury trial setting. When he was
informed that he could not schedule the case for a jury trial without a hearing before the court, Crook filed
an original and amended motion to strike the non-jury setting. In an attached affidavit, Crook stated that
when he agreed to the January 6, 1997 trial date he was unaware that it was a non-jury week.

 A hearing was held on the motion to strike on December 20. In response to the court's
questions at the hearing, Crook stated, "[w]e agreed to the January non-jury setting, but it was outside of
30 days of trial. It was back in early--it was back on October 28th or right around there." The trial court
subsequently denied Crook's motion, holding that he had agreed to a non-jury setting.

 The case proceeded to trial before the bench on January 6, 1997. The trial court rendered
judgment in favor of appellees on January 23. On February 21, Crook filed a motion for new trial on the
ground that he was improperly denied his right to a jury trial. The motion for new trial was subsequently
denied.

DISCUSSION


 In his first and second points of error, Crook contends that the trial court abused its
discretion in denying his motion to strike the January 6, 1997 non-jury setting. Specifically, he asserts that
his untimely request for a jury trial on October 15, 1996 became timely once the trial was rescheduled for
January 6, thereby creating a presumption which appellees failed to rebut. Crook further argues that the
trial court abused its discretion in holding that he had agreed to a non-jury setting because there was no
evidence of a Rule 11 agreement between the parties.

 A request for a jury trial must be filed "a reasonable time before the date set for trial of the
cause on the non-jury docket, but not less than thirty days in advance." Tex. R. Civ. P. 216. If the
request is made more than thirty days before trial, it is presumed timely requested. See Halsell v.
Dehoyos, 810 S.W.2d 371, 371 (Tex. 1991); Wittie v. Skees, 786 S.W.2d 464, 466 (Tex.
App.--Houston [14th Dist.] 1990, writ denied). To overcome the presumption, the adverse party must
show that "the granting of a jury trial would operate to injure the adverse party, disrupt the court's docket,
or impede the ordinary handling of the court's business." Id.

 In Halsell, trial was set on the non-jury docket for September 8, 1989. The plaintiff did
not file his jury request until August 15, 1989, less than thirty days before trial. On September 8, the trial
court struck his request for a jury trial on the ground that it was not timely made, but at the same time reset
the case on the non-jury docket for trial on October 13. The court of appeals affirmed the trial court's
denial of plaintiff's request for a jury trial. The Texas Supreme Court reversed, holding that once the trial
court reset the case for October 13, plaintiff's request for a jury trial became timely. Id. Crook argues
that the same holds true in this case. When trial originally was scheduled for October 28, 1996, Crook's
October 15 request for a jury trial was untimely under Rule 216. However, when the case was reset for
January 6, 1997, Crook contends that his request became timely and the case was then required to be
moved from the trial court's non-jury docket to its jury docket. However, we note that, unlike Halsell,
after making an untimely request for a jury trial Crook agreed to set the case for a non-jury trial more than 
thirty days later.

 The supreme court in Halsell further held that the defendants failed to show that the
granting of the jury trial would have injured them or caused undue disruption to the trial court. Id. In this
case, however, the record contains evidence indicating that, at the very least, the trial court's docket would
have been disrupted by Crook's repeated change of position. This case was originally set for trial on the
non-jury docket. Less than two weeks before trial, Crook asked for a jury trial. When the case was not
reached, however, Crook agreed to a non-jury setting. More important, Crook's action in agreeing to a
non-jury trial after requesting a jury trial indicated to the court that he no longer wanted a jury. At the
hearing on his motion to strike the non-jury setting, Crook admitted that he agreed to reset the case for a
non-jury week. (1) 

 Crook argues that Rule 11 of the Texas Rules of Civil Procedure requires that an
agreement be in writing and that because the purported agreement to reset the trial for a non-jury week was
not in writing, it is not evidence sufficient to rebut the presumption of timeliness. Rule 11 provides:


Unless otherwise provided in these rules, no agreement between attorneys or parties
touching any suit pending will be enforced unless it be in writing, signed and filed with the
papers as part of the record, or unless it be made in open court and entered of record.



Tex. R. Civ. P. 11 (emphasis added). Appellees filed a written notice of agreed trial setting, and Crook
has never disputed that it accurately reflects their agreement. Further, the court specifically asked Crook
in open court whether he agreed to the January 6, 1997 trial date, and Crook conceded that he did. 
Accordingly, we find that Crook waived his right to a jury trial by agreement. Points of error one and two
are overruled.

 In his third point of error, Crook asserts that the trial court abused its discretion in denying
his motion for new trial based on his timely request for a jury trial. Having held that Crook waived his
request for a jury trial, we find no error in the trial court's denial of Crook's motion for new trial. Point of
error three is overruled.


CONCLUSION


 Having overruled all points of error, we affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: July 30, 1998

Do Not Publish
1. Crook, who was pro se at the time he agreed to the resetting, asserts that he was not aware that
January 6, 1997 was a non-jury week. Pro se litigants are governed by the same rules as litigants who are
represented by an attorney. Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978). In
addition, we note that as an attorney, Crook is deemed to have knowledge of the local rules of the district
court.



 1989, less than thirty days before trial. On September 8, the trial
court struck his request for a jury trial on the ground that it was not timely made, but at the same time reset
the case on the non-jury docket for trial on October 13. The court of appeals affirmed the trial court's
denial of plaintiff's request for a jury trial. The Texas Supreme Court reversed, holding that once the trial
court reset the case for October 13, plaintiff's request for a jury trial became timely. Id. Crook argues
that the same holds true in this case. When trial originally was scheduled for October 28, 1996, Crook's
October 15 request for a jury trial was untimely under Rule 216. However, when the case was reset for
January 6, 1997, Crook contends that his request became timely and the case was then required to be
moved from the trial court's non-jury docket to its jury docket. However, we note that, unlike Halsell,
after making an untimely request for a jury trial Crook agreed to set the case for a non-jury trial more than 
thirty days later.

 The supreme court in Halsell further held that the defendants failed to show that the
granting of the jury trial would have injured them or caused undue disruption to the trial court. Id. In this
case, however, the record contains evidence indicating that, at the very least, the trial court's docket would
have been disrupted by Crook's repeated change of position. This case was originally set for trial on the
non-jury docket. Less than two weeks before trial, Crook asked for a jury trial. When the case was not
reached, however, Crook agreed to a non-jury setting. More important, Crook's action in agreeing to a
non-jury trial after requesting a jury trial indicated to the court that he no longer wanted a jury. At the
hearing on his motion to strike the non-jury setting, Crook admitted that he agreed to reset the case for a
non-jury week. (1) 

 Crook argues that Rule 11 of the Texas Rules of Civil Procedure requires that an
agreement be in writing and that because the purported agreement to reset the trial for a non-jury week was
not in writing, it is not evidence sufficient to rebut the presumption of timeliness. Rule 11 provides:


Unless otherwise provided in these rules, no agreement between attorneys or parties
touching any suit pending will be enforced unless it be in writing, signed and filed with the
papers as part of the record, or unless it be made in open court and entered of record.



Tex. R. Civ. P. 11 (emphasis added). Appellees filed a written notice of agreed trial setting, and Crook
has never disputed that it accurately reflects their agreement. Further, the court specifically asked Crook
in open court whether he agreed to the January 6, 1997 trial date, and Crook conceded that he did. 
Accordingly, we find that Crook waived his right to a jury trial by agreement. Points of error one and two
are overruled.

 In his third point of error, Crook asserts that the trial court abused its discretion in denying
his motion for new trial based on his timely request for a jury trial. Having held that Crook waived his
request for a jury trial, we find no error in the trial court's denial of Crook's motion for new trial. Point of
error three is overruled.


CONCLUSION


 Having overruled all points of error, we affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: July 30, 1998

Do Not Publish