HOPPER V. HOPPER

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-300-CV

DAVID HOPPER APPELLANT

V.

DORTHEA INEZ HOPPER APPELLEE

------------

FROM THE 322ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

In a single issue, Appellant David Hopper argues that the trial court erred by denying his request for a jury trial.  We affirm.

Background

This appeal arises out of the divorce between Gary Hopper and Dorthea Inez Hopper.  David Hopper is Gary’s son.  Dorthea sued David in the divorce action, alleging that Gary made fraudulent transfers to him.  David answered, demanded a jury, and paid the jury fee.  Gary also filed a jury demand, but the trial court later struck Gary’s pleadings as a “death penalty” sanction for violating various court orders and denied his request for a jury. 

On the day of trial, the trial court swore in a jury panel.  The court then excused the panel so that the court could consider pretrial matters.  Chief among those matters was whether the case would be tried to a jury.  The trial court decided to proceed with a post-answer default “proveup” against Gary. After hearing some evidence, the trial court determined that there were no fact questions to be submitted to the jury and released the jury panel.  The trial continued without a jury.  At the conclusion of trial, the trial court reiterated that there were no fact questions presented by the case except for property division and pronounced its findings and rulings on the record.  The trial court later signed a decree of divorce consistent with that pronouncement.  

Analysis

The right to a jury trial is guaranteed by the Texas Constitution.
 Tex. Const. 
art. I, § 15 (“The right of trial by jury shall remain inviolate.”), 
art. V, § 10 (“In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury.”).   Texas Rule of Civil Procedure 216 provides as follows: 

a.  Request.  No jury shall be had in any civil suit unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.

Tex. R. Civ. P
. 216.  A request for a jury trial made in advance of the thirty-day deadline is presumed to have been made a reasonable time before trial.  
Halsell v. Dehoyos
, 810 S.W.2d 371, 371 (Tex. 1991); 
Wittie v. Skees
, 786 S.W.2d 464, 466 (Tex. App.—Houston [14th Dist.] 1990, writ denied).  The refusal to grant a timely requested jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified.  
Halsell
, 810 S.W.2d at 372 (citing 
Olson v. Tex. Commerce Bank
, 715 S.W.2d 764, 767 (Tex. App.—Houston [1st Dist.] 1986, writ ref’d n.r.e.)); 
Whiteford v. Baugher
, 818 S.W.2d 423, 425 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

David filed his jury demand and paid the jury fee over two years before trial.  He was therefore entitled to a jury trial, and the trial court erred by denying him that right.  But under the circumstances of this case, the error was harmless. 

David alleges several material fact issues he claims should have been submitted to a jury.  These alleged fact issues concern the characterization and valuation of certain property and the circumstances surrounding the transfer of the property from Gary to David.

The property in question was real estate associated with the business known as Mid Cities Motor Co., Inc.  Gary and Dorthea executed a partition agreement in 1997 that recharacterized Mid Cities Motor Co. from community property to Gary’s separate property.  In June 1998, Mid Cities Motor Co. bought real estate described at trial as 6100 Denton Highway at a tax foreclosure sale.  Also in June 1998, Dorthea filed for divorce.  On October 27, 1998, the trial court issued an injunction prohibiting Gary and Dorthea from transferring any separate or community property.  On December 3, 1998, Gary caused the tax sale deed for 6100 Denton Highway to be reissued to list David, rather than Mid Cities Motor Co., as the buyer.  In June 2000, the trial court granted Dorthea’s motion for partial summary judgment to set aside the partition agreement, effectively returning Mid Cities Motor Co. to its former status as community property. 

The potential jury questions identified by David concern the characterization and valuation of 6100 Denton Highway and whether a notary was present when the partition agreement was executed.  The trial court found that Gary attempted to transfer 6100 Denton Highway to David in violation of the October 27, 1998 injunction and declared the transfer void.  Thus, the character and value of the property are moot as to David because he has no interest in the property.  Likewise, whether a notary witnessed the partition agreement is moot because the June 2000 partial summary judgment set the partition agreement aside.  David also asserts that there are fact issues  concerning a deed allegedly signed by Dorthea, but our review of the record shows that the deed in question was between Dorthea and Gary and did not concern David.

We hold that no material fact issues existed as to David.  Thus, though the trial court erred by denying David a jury trial, the error was harmless.  
See
 
T
EX
. R. A
PP
. P. 44.1(a)
.  We overrule David’s sole issue.

Dorthea’s Issue

In a single cross-issue, Dorthea requests sanctions and attorney’s fees and asserts that David’s appeal is frivolous because his appellate brief cites nonexistent pages of the clerk’s record.  Dorthea’s assertion is unfounded; the pages cited by David do appear in the clerk’s supplemental record, although the trial court clerk failed to file the supplemental record in a timely manner.  We overrule Dorthea’s sole cross-issue.

Conclusion

Having overruled the issues of both parties, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL F: LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DELIVERED:  March 9, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.