COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-300-CV

 

 

DAVID HOPPER                                                                   APPELLANT

 

                                                   V.

 

DORTHEA INEZ HOPPER                                                          APPELLEE

 

                                              ------------

 

           FROM
THE 322ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                            Introduction

In a single issue, Appellant
David Hopper argues that the trial court erred by denying his request for a
jury trial.  We affirm.

 

 








                                            Background

This appeal arises out of the
divorce between Gary Hopper and Dorthea Inez Hopper.  David Hopper is Gary=s son.  Dorthea sued David in
the divorce action, alleging that Gary made fraudulent transfers to him.  David answered, demanded a jury, and paid the
jury fee.  Gary also filed a jury demand,
but the trial court later struck Gary=s pleadings as a Adeath penalty@ sanction
for violating various court orders and denied his request for a jury. 

On the day of trial, the
trial court swore in a jury panel.  The
court then excused the panel so that the court could consider pretrial
matters.  Chief among those matters was
whether the case would be tried to a jury. 
The trial court decided to proceed with a post-answer default Aproveup@ against
Gary. After hearing some evidence, the trial court determined that there were
no fact questions to be submitted to the jury and released the jury panel.  The trial continued without a jury.  At the conclusion of trial, the trial court
reiterated that there were no fact questions presented by the case except for property
division and pronounced its findings and rulings on the record.  The trial court later signed a decree of
divorce consistent with that pronouncement. 


                                               Analysis








The right to a jury trial is
guaranteed by the Texas Constitution.
Tex. Const. art. I, ' 15 (AThe right of
trial by jury shall remain inviolate.@), art. V, ' 10 (AIn the trial of all causes in the District Courts, the plaintiff or
defendant shall, upon application made in open court, have the right of trial
by jury.@).   Texas Rule of Civil
Procedure 216 provides as follows: 

a.  Request. 
No jury shall be had in any civil suit unless a written request for a
jury trial is filed with the clerk of the court a reasonable time before the
date set for trial of the cause on the non‑jury docket, but not less than
thirty days in advance.

 

Tex. R. Civ. P. 216.  A request for a jury
trial made in advance of the thirty‑day deadline is presumed to have been
made a reasonable time before trial.  Halsell
v. Dehoyos, 810 S.W.2d 371, 371 (Tex. 1991); Wittie v. Skees, 786
S.W.2d 464, 466 (Tex. App.CHouston [14th Dist.] 1990, writ denied).  The refusal to grant a timely requested jury
trial is harmless error only if the record shows that no material issues of
fact exist and an instructed verdict would have been justified.  Halsell, 810 S.W.2d at 372 (citing Olson
v. Tex. Commerce Bank, 715 S.W.2d 764, 767 (Tex. App.CHouston [1st Dist.] 1986, writ ref=d n.r.e.)); Whiteford v. Baugher, 818 S.W.2d 423, 425 (Tex.
App.CHouston [1st Dist.] 1991, writ denied).

David filed his jury demand
and paid the jury fee over two years before trial.  He was therefore entitled to a jury trial,
and the trial court erred by denying him that right.  But under the circumstances of this case, the
error was harmless. 








David alleges several
material fact issues he claims should have been submitted to a jury.  These alleged fact issues concern the
characterization and valuation of certain property and the circumstances
surrounding the transfer of the property from Gary to David.

The property in question was
real estate associated with the business known as Mid Cities Motor Co.,
Inc.  Gary and Dorthea executed a
partition agreement in 1997 that recharacterized Mid Cities Motor Co. from
community property to Gary=s separate property.  In June
1998, Mid Cities Motor Co. bought real estate described at trial as 6100 Denton
Highway at a tax foreclosure sale.  Also
in June 1998, Dorthea filed for divorce. 
On October 27, 1998, the trial court issued an injunction prohibiting
Gary and Dorthea from transferring any separate or community property.  On December 3, 1998, Gary caused the tax sale
deed for 6100 Denton Highway to be reissued to list David, rather than Mid
Cities Motor Co., as the buyer.  In June
2000, the trial court granted Dorthea=s motion for partial summary judgment to set aside the partition
agreement, effectively returning Mid Cities Motor Co. to its former status as
community property. 








The potential jury questions
identified by David concern the characterization and valuation of 6100 Denton
Highway and whether a notary was present when the partition agreement was
executed.  The trial court found that
Gary attempted to transfer 6100 Denton Highway to David in violation of the
October 27, 1998 injunction and declared the transfer void.  Thus, the character and value of the property
are moot as to David because he has no interest in the property.  Likewise, whether a notary witnessed the partition
agreement is moot because the June 2000 partial summary judgment set the
partition agreement aside.  David also
asserts that there are fact issues 
concerning a deed allegedly signed by Dorthea, but our review of the
record shows that the deed in question was between Dorthea and Gary and did not
concern David.

We hold that no material fact
issues existed as to David.  Thus, though
the trial court erred by denying David a jury trial, the error was
harmless.  See TEX. R. APP. P. 44.1(a).  We overrule David=s sole issue.

                                          Dorthea=s Issue

In a single cross-issue,
Dorthea requests sanctions and attorney=s fees and asserts that David=s appeal is frivolous because his appellate brief cites nonexistent
pages of the clerk=s
record.  Dorthea=s assertion is unfounded; the pages cited by David do appear in the
clerk=s supplemental record, although the trial court clerk failed to file
the supplemental record in a timely manner. 
We overrule Dorthea=s sole cross-issue.

 








                                             Conclusion

Having overruled the issues
of both parties, we affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL F:    LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

 

DELIVERED:  March 9, 2006











[1]See Tex. R. App. P. 47.4.